### ALBERT BOURNE *v.* LEWIS MERRITT.

The statement in the bill of exceptions in an action of trover, that evidence was given *tending to prove,* that the plaintiff was owner of the property sued for, and that the jury were instructed that, if they believed the testimony in the case, the plaintiff was entitled to recover, and that a verdict was thereupon returned for the plaintiff, will not justify this court in assuming, that the plaintiff was owner of the goods.

Although the goods sued for in such case are appropriate articles for use as household furniture, yet if it do not appear from the bill of exceptions, that they had ever been used by the plaintiff for such purpose, or were intended by him for such use, this court will not assume, that they were exempted from attachment and execution.

Where it appears from the bill of exceptions in such case, that the plaintiff delivered the goods to a third person, to keep for the plaintiff, and at the same time informed *him, that* he might hold them, until he was indemnified by the plaintiff against a certain liability, and that the testimony of one witness *tended to prove,* that he *understood,* that such liability had been discharged, and that no evidence was given tending to show, that such third person ever made any claim to the property, and that the jury, under instructions that, if they believed the testimony, the plaintiff was entitled to recover, returned a verdict for the plaintiff, this court cannot assume, that such third person had not a special property in the goods, as against the plaintiff. The question, whether, or not, such special interest existed, should have been submitted to the jury, for them to decide.

The general owner of goods cannot sustain trespass, or trover, when there is an outstanding possession in another, accompanied with a special property.

TROVER for two beds, with bedding, three small boxes, a quantity of crockery, wooden and tin ware, two flat irons, two lamps, one gridiron, a pair of brass andirons, shovel and tongs, and a carpet. Plea, the general issue, and trial by jury, May Term, 1849,—KELLOGG, J., presiding.

The bill of exceptions stated the proceedings upon the trial in the county court as follows. "The evidence of the plaintiff tended to show, that the plaintiff owned the goods described in the declaration. It farther appeared by the plaintiff's testimony, that the plaintiff, being about to remove to Massachusetts, boxed up the goods and delivered them to one John S. Willard, to keep for the plaintiff,

informing Willard at the same time, that he might retain the goods, until the plaintiff indemnified him for a certain liability he had assumed for the plaintiff. It farther appeared by the plaintiff's testimony, that after Willard received the goods, and while the boxes were lying in Willard's door yard, in April, 1847, the defendant attached the goods on a writ in favor of Moore & Belknap, and removed them from the place, where he attached them, into the house of Willard, and left them in his charge to keep for the defendant. The evidence of a witness for the plaintiff farther tended to show, that he understood, that said liability, incurred by Willard for the plaintiff, had been discharged ; and there was no evidence tending to show, that Willard ever made any claim to the property. There was no evidence introduced on the part of the defendant. The court instructed the jury, that if they believed the testimony in the case, the plaintiff was entitled to recover." Verdict for plaintiff. Exceptions by defendant.

*Tracy, Converse & Barrett* for defendant.

*O. P. Chandler* for plaintiff.

The opinion of the court was delivered by

BENNETT, J. It is quite probable, that this bill of exceptions presents questions not raised on the trial ; but we must take the case, as made by the bill.

It seems the defendant attached the goods on a writ in favor of Moore & Belknap, while in boxes lying in Willard's yard, and removed them from the yard into Willard's house, and left them in his charge, to keep for the defendant. The court charged the jury, " that if they believed the testimony in the case, the plaintiff was entitled to recover." The only question in the case is, whether such facts were testified to on the trial, as detailed in the bill, as would warrant the charge.

It cannot be assumed, that the plaintiff was the owner of the goods described in the declaration. All we have upon this point is, that the evidence *tended* to prove it, and the jury have not found it. It is one thing to find, that evidence is given *tending* to prove a fact, and quite another thing to find such fact proved.

Bourne *v.* Merritt.

Neither can we assume, that the articles of property sued for were exempt from attachment and execution, on the ground that they were articles of household furniture belonging to the plaintiff, or used by him as such. They are doubtless appropriate articles for such use; but *non constat*, that they had ever been used for such purpose, or were intended by the plaintiff for such use. All we have is, that the plaintiff, being about to remove, boxed up the goods. If the plaintiff claimed, that these goods were exempt from the operation of the general law, subjecting property to attachment and execution, it was for him to show it. The court cannot intend it, as matter of law, or fact, from any thing, which appears in this bill of exceptions.

But it may be assumed, that there was a possession of the goods in the plaintiff *prior* to the attachment by the defendant. The bill states, that *it appeared*, " that the plaintiff boxed up the goods and delivered them to John S. Willard, to keep for him." This would be sufficient, to maintain trespass, or trover, against a wrong doer; but we cannot assume, that Willard had not a special property in the goods, as against the plaintiff. The fact, that the plaintiff informed Willard, when he delivered him the goods to keep, that he might hold them, until he indemnified him for a certain liability, which he had assumed for the plaintiff, does not necessarily show, that Willard acceded to it and received them as a security, but was proper evidence to go to the jury for them to pass upon. The evidence, no doubt, tended to prove a special property in Willard; and if the case were made to turn upon this point, it should have been put to the jury, to find how the fact was. If a right vested in Willard, to hold the goods as a security, we think, that, upon this bill of exceptions, no fact can be assumed, which will warrant the court in holding, that Willard is concluded, as matter of law, from setting up this special property, as against the plaintiff. All that the bill finds is, that the evidence of one witness on the part of the plaintiff *tended to prove, that he understood,* that the liability incurred by Willard for the plaintiff had been discharged. It was not put to the jury, to find how the fact was.

It is true the bill finds, that no evidence was given tending to show, that Willard ever made any claim to the property. If he made no claim, at the time the property was attached, it might, as

matter of law, *conclude,* or estop, Willard from setting up a special property against the officer, on the attaching creditors; but it could have no such decisive effect in favor of the plaintiff. It could only be evidence, at most, tending to prove, that Willard's *lien* did not in fact exist, and should have been, together with the other evidence, submitted to the jury, for them to have found, whether Willard had a special interest in the property, or not.

It does not appear from this bill of exceptions, that the property sued for was attached as the property of the present plaintiff. All that we have is, that it was attached by the defendant on a writ in favor of Moore & Belknap, and the writ is not made a part of the case. In this aspect of the case we could sustain the verdict, if we could assume, from the case itself, that Willard had not a special property in the goods. Upon such a construction, it would not be material, whether the property were exempt from attachment and execution, or not. If the property were not attached, as belonging to the plaintiff, the plaintiff might rely upon a *prior* possession, as against a stranger; but then we are met with another difficulty,— it not being put to the jury to find whether Willard had a special property, or not.

As we cannot assume, from this bill of exceptions, that the plaintiff had the possession of the goods, or the right of possession, when this suit was commenced, this action cannot be sustained. It is well settled, that the general owner cannot sustain trespass, or trover, when there is an outstanding possession in another, accompanied with a special property.

The result is, that, upon this bill of exceptions, the judgment of the county court must be reversed and the cause remanded.