## SUPREME COURT.

### EASTMAN agt. CASWELL.

A one horse *wagon*, belonging to a practicing physician, is exempt from execution. (*See Morse agt. Keyes*, 6 *How. Pr. R.* 18; *and Wheeler agt. Cropsey*, 5 *id.* 288.)

The fact of a person being a householder, can not be proved by reputation; it is capable of direct proof.

*General Term, 5th District*, 1853.   In 1845, the plaintiff, not being at that time a householder, purchased a bill of goods of Clarke & Hobbie, merchants at Cazenovia, and on the 4th of February 1846 he gave his note for the balance due on the bill.

Eastman agt. Caswell.

This note was renewed by a new note dated May 10th 1851, upon which a judgment was rendered by a justice of the peace. An execution upon the judgment was issued to the defendant as a constable of Cazenovia, by virtue of which he levied upon and sold in March 1852, a one horse gig wagon, worth $40 or $50. At the time of the levy and sale the plaintiff was a householder and physician, having mostly a country practice. The wagon had four wheels, *with a small narrow body for one person.* The plaintiff had no other wagon, and this was necessary for him in his business to support his family. The plaintiff forbid the sale. This action was commenced in a Justice's Court to recover the value of the wagon upon the ground that it was exempt from execution under the law of 1842, which exempts " *necessary household furniture, working tools and team, to an amount not exceeding* $150." The action was defended upon the ground that the wagon was not exempt from execution, and the defendant at the trial read and relied upon the case of Morse vs. Keyes (6 *How. Pr. R.* 18). The cause was tried by a jury who rendered a verdict for the plaintiff for $30, upon which the justice, on the 5th of May 1852, rendered a judgment for $30 damages and $5 costs. The defendant appealed from this judgment to the County Court of the county of Madison, where the judgment of the justice was reversed and judgment rendered against the plaintiff for $25·43 costs of appeal.

The plaintiff appeals from that judgment to this court, and asks that the judgment of the County Court be reversed and that of the justice affirmed with costs.

R. THOMAS, *for Plaintiff.*

H. G. PADDOCK, *for Defendant.*

By the Court PRATT, Justice.—I have no doubt that within the liberal construction which has always been given to our exemption statutes, the wagon in question was exempt from levy and sale on execution; still the County Court did right in reversing the judgment of the justice.

1. The proof by reputation that Eastman was not a householder at the time of contracting the debt, was clearly erroneous. It was a fact capable of direct proof, and could not be proved by hearsay.

2. The verdict was too large. It was proved that the property was bid off by Fuller at $13·88 for the plaintiff by an arrangement between all the parties, and that he afterwards had it and disposed of it. He was therefore only entitled to recover that amount and interest. The judgment of the County Court must, therefore, be affirmed.