Dains *v.* Prosser.

## DAINS *vs.* PROSSER.

Prima facie, all the personal property of a judgment debtor is liable to levy and sale upon execution.  If he would claim exemption for any of such property, he must bring himself and his property within the exceptions of some statute, by proper proof.

A wagon is not exempt, at law, as such, from levy and sale on execution.  But when customarily used in connection with a horse or horses, and harness, it may constitute a part of a *team,* and will come within the meaning of the word team as used in the statutes of exemption, and not be liable to be sold upon execution.

The decision to the contrary, in *Morse* v. *Keyes,* (6 *How. Pr. Rep.* 18,) overruled.   .

But where a party claims the exemption of a wagon, as being a part of a team, he is bound to show, affirmatively, that the team is worth, as a whole, less than $250, or does not exceed in value that sum.

If there is no proof to show what the value of the team was, as an entirety, or what was the value of the several parts, or of any part thereof, except the wagon, the exemption cannot be allowed.

THIS was an appeal from a judgment of the county court of the county of Yates in favor of Prosser against Dains. Dains sued Prosser in a justice's court to recover the value of a wagon taken by Prosser and sold.  Prosser justified the taking, as a constable, under an execution against Dains, and Dains claimed that the property was exempt as constituting a part of a team.  The justice rendered judgment in favor of Dains for $12 damages and $3.64 costs, from which judgment Prosser appealed to the county court of Yates county, which court reversed the judgment of the justice.

Dains *v.* Prosser.

From the judgment rendered on that decision, this appeal was brought.

*S. H. Welles,* for the appellant.

*A. V. Harpending,* for the respondent.

*By the Court,* E. DARWIN SMITH, J. Prima facie, all the personal property of a judgment debtor is liable to levy and sale upon execution. If he would claim exemption for any of such property he must bring himself and his property within the exceptions of some statute, by proper proof. No property in his possession is exempt *per se.* The plaintiff in this case duly proved that he possessed the character entitling him to an exemption of the property specified in the provisions of the revised statutes exempting certain property from sale on execution, and also specified in the acts of 1842 as amended in 1859. The only question remaining is, whether his *wagon* was exempt. It was not exempt at law as a wagon, and so far the case of *Morse* v. *Keyes* (6 *How.* 18) is correct. Nor would one horse, or two horses, or a harness, be any more exempt, as matter of law. The question is one of fact, in respect to each and every article of property claimed as exempt, whether it is or is not exempt. (14 *John.* 434.) If this wagon is exempt, it is because it is embraced in the exemption of a *team.* It was held in *Hutchins* v. *Chamberlain,* (11 *N. Y. Legal Observer,* 248,) which was a general term decision in this district, that a *team* consists of one horse, or two horses, with *their harness and the vehicle to which they are customarily attached for use.* That all of these particulars are embraced in the word *team,* and that a horse and harness, and cart or wagon, or other vehicles, are all, when used together, and each and every one of them, as part of the team, is exempt from execution under the act of 1842. To the same effect is 8 *How.* 75; and 5 *id.* 228; and 27 *Barb.* 505. These cases should be considered as over-

ruling *Morse* v. *Keyes,* which is in obvious conflict with the spirit and policy of the statute. Within these cases the wagon in this case might, in connection with a horse, or a span of horses and harness, compose part of a team. But it was essential, to make out the exemption, that the team as thus composed should come within the prescribed value as fixed by the statute. The team must not exceed, by the act of 1842, $150, and as amended in 1859, $250 in value. There was no proof before the justice what the value of the team was, as an entirety, or what the value of the several parts or of any part thereof was, except this wagon. The wagon, it appears, was a democrat wagon, but whether it was customarily used with one horse or two, and what was the value of the horse or horses and harness, does not appear. They may have exceded $150 in value. If a single horse, it may have been worth $150, or $200, or more, with or without the harness. The plaintiff claimed exemption for the wagon as part of a team. He was bound to show affirmatively that the team which he claimed to have exempted under the statute was worth, as a whole, less than $250, or did not exceed in value that sum. I think the county judge rightly held that the plaintiff had not by proper proof brought himself within the terms of the statute, and that the judgment of the county court should therefore be affirmed.

Judgment affirmed.

[MONROE GENERAL TERM, September 3, 1860. *Smith, Johnson* and *Knox,* Justices.]