JAMES CARTY *v.* LUMAN A. DREW.

*Exemption from Attachment.*

A butcher's only harness, used and needed by him in his business, is not exempt from attachment.

TRESPASS and trover for a harness, brought to the city court of Burlington. Trial by the court, TYLER, J. The facts sufficiently appear in the opinion. The court rendered judgment for the defendant to recover his costs; to which the plaintiff excepted.

*R. H. Start*, for the plaintiff, cited Laws of 1866, No. 39, § 1; *Leavitt* v. *Metcalf*, 2 Vt. 342; *Mundell* v. *Hammond*, 40 Vt. 641; *Allen* v. *Thompson*, 45 Vt. 472.

*William G. Shaw*, for the defendant, cited Laws of 1866, *supra*, and *Fry* v. *Canfield*, 4 Vt. 9.

The opinion of the court was delivered by

REDFIELD, J. The defendant, as sheriff, attached plaintiff's harness. The plaintiff claims it was exempt from attachment under the statute. The plaintiff was a butcher, furnished and distributed meat to his customers in the city of Burlington, used and needed the harness in his business, and had no other.

The statute, p. 923, Gen. Sts., has ever been liberally construed for the benefit of poor debtors. When a *class* of property is exempt, such as " suitable apparel, bedding, tools, arms, and articles of household furniture ; such as may be necessary for upholding life," the courts take care that the beneficial purposes of the legislature are carried into execution, and give the statute the most liberal construction. But when a *specific* article is exempt, the court cannot *extend* the statute by construction to *another* and different article. This court has decided that a wagon is not exempt, and counsel concede that the harness must take its place with the wagon.

The judgment below is affirmed.