WALTER S. BROWN, JOHN D. MOWRIS AND HIRAM ELMENDORF, APPELLANTS, *v.* HIRAM H. DAVIS, RE-SPONDENT.

*Exempt property — "team" — what is — wagon, when exempt.*

Where property is claimed to be exempt from execution, the burden of proof rests upon the party claiming the benefit of such exemption.

The plaintiffs, who were householders, owned a wagon worth $100, which was the only lumber wagon they had, and which was used in and necessary for the carrying on of the business in which they were engaged as copartners. *Held,* that these facts did not show that the wagon was exempt from execution.

A wagon is only exempt from execution as constituting part of a "team," which consists of one horse or two horses, with their harness and the vehicle to which they are customarily attached for use.

THIS is an action brought in a Justice's Court by the plaintiffs, to recover possession of a lumber wagon, of the value of $100. The defendant was the purchaser of the wagon at sheriff's sale, under execution against the plaintiffs, who now claim its return on the ground that it was exempt property.

In the County Court the facts were agreed upon, and are that the plaintiffs were partners under the firm name of Brown, Mowris & Co., and were engaged in the manufacture of paper, flour and feed; that as such partners they were the owners of the lumber wagon in question; that they used it in their said business; that it was the only lumber wagon they used, and was necessary to the successful carrying on of their said business, and the support of their respective families; that they were householders, and the wagon was worth $100; that the defendant purchased it at sheriff's sale, under an execution issued on a valid and subsisting judgment against the plaintiffs; that such judgment was regular, the execution regular, and regularly issued, and all the proceedings of the sheriff were regular.

The justice rendered judgment for $110 damages, and five dollars and fifty cents costs, in favor of plaintiffs.

The defendant appealed to the County Court of Ulster county, where judgment was given for defendant, and the plaintiffs bring appeal to this court.

*Hull & Childs*, for the appellants.

*Charles A. Fowler*, for the respondent.

LEARNED, P. J.:

The facts in this case are admitted by stipulation; and it is further agreed that if the wagon was exempt the plaintiffs are entitled to recover, if not, then defendant is entitled to judgment.

The only facts admitted, which are material on the question of exemption, are these: The plaintiffs were householders; this wagon was the only lumber wagon they owned; it was used in their business, and was necessary for the carrying on of their business; it was worth $100.

It is for the plaintiff to show affirmatively that the wagon was exempt. (*Dains* v. *Prosser*, 32 Barb., 290.) A team "consists of one horse or two horses with their harness and *the vehicle to which they are customarily attached for use;*" and a wagon, if exempt, is exempt because it is embraced in the description of a team. (Id., 290.)

The facts admitted do not show that this wagon was part of a "team" used by the plaintiff. Each of the plaintiffs may have had a horse or two horses with harness, and with "a vehicle to which they were customarily attached for use." If so, these would have been the "team" of that plaintiff. The admission that this was the only lumber wagon owned by the plaintiffs does not show that, either jointly or severally, they did not own other wagons customarily used with their horses, and thus forming parts of their "teams."

In *Stewart* v. *Brown* (37 N. Y., 350), a case of partnership owning of the property, it appeared that the plaintiffs had no other property except a few articles of household property of trifling value.

In *Wilcox* v. *Hawley* (31 N. Y., 648), it is said : "It was suffi-
cient for the plaintiff to show that this horse constituted his team;
that he was a householder; and that his household furniture, work-
ing tools and team did not, in the aggregate, exceed in value the
sum of $250."

Now, if the facts which are admitted in this case, establish the
exemption of the wagon, the proof of similar facts would show the
exemption of a pair of horses belonging to the plaintiffs and
worth $200. So that an exemption could be established beyond
the value of $250.

It has been held that when the debtor has property of the class
or character defined by the statute, which exceeds in value the
statutory limits, he may make a selection. (*Finnin* v. *Malloy*, 33
N. Y. Superior, 382; *Twinam* v. *Swart*, 4 Lans., 263. But no selec-
tion is stated to have been made in this case, and there is nothing
to show that the plaintiffs property of this character, did not exceed
in value the statutory limit. (*Seaman* v. *Luce*, 23 Barb., 240;
*Brooks* v. *Hathaway*, 15 S. C. N. Y. [8 Hun], 290.)

Upon the mere facts stated in the admission and found by the
court, the judgment should therefore be affirmed, with costs.

Present—LEARNED, P. J., BOOKES and BOARDMAN, JJ.

Judgment affirmed, with costs.