## RICHARDS *v.* HUBBARD.

A physician's wagon and harness, used by him in riding to visit his patients, and reasonably necessary for his practice of his profession, are " tools of his occupation," within the meaning of Gen. Laws, *c.* 224, *s.* 2, exempting property from attachment.

REPLEVIN, for the plaintiff's buggy wagon and harness, attached by the defendant, and claimed by the plaintiff, a physician, as "tools of his occupation." and exempt from attachment, the same being used by him in riding to visit his patients. These articles; with all the other tools of his occupation, were worth less than $100.

*Parker*, for the plaintiff.

*Colby,* for the defendant.

FOSTER, J. A buggy wagon and harness not being "tools" of a physician's occupation, in the strictest sense of that term, the principal question in this case is, Were they reasonably necessary as tools for the plaintiff to use in prosecuting his business? *Parshley* v. *Green*, 58 N. H. 271; *Somers* v. *Emerson*, 58 N. H. 48; Gen. Laws, *c.* 224, *s.* 2.

The court cannot say, as a matter of law, that a wagon or a harness is a tool of a physician's calling, and so exempt to all physicians; nor can they say that it is not such a tool. The most that can be said, as a matter of law, is, that it may be a tool of his profession, if, in the particular case, it is reasonably necessary for him to use it as a tool. If it should appear that his practice was confined to his office, or that he was a physician or surgeon in a hospital, attending to no cases outside of the institution, or that he was a surgeon on ship-board, or that he went on foot, or on horseback, or on the cars, to visit his patients, a wagon and harness would not be exempt under our statute, because they would be of no use to him as tools in his practice. They might be of use to him in other respects, as in going to church, or in carrying his children to school, or in visiting friends, or as a means of recreation and pleasure; but these uses are manifestly not within the legitimate scope of the technical duty of a physician. Not coming within the strict definition of the term tools, and not being reasonably necessary as tools for him in his practice of his profession, they would not be tools within the meaning of the statute, and so would not be exempt as such. But if it should be found that the physician claiming the exemption could not practice his profession with reasonable success without a team with which to visit his patients; that he was located in a country town, for example, where it was necessary for him to ride a large part of the time in

order to accomplish anything professionally,—a wagon and harness might properly be found to be reasonably necessary for him as tools of his occupation. But the finding would be one of fact, so far as the reasonableness of the use is concerned; and it could not be said that these articles are exempt to every physician, or to physicians generally, but only to the debtor in the particular case. If there is any doubt whether an article claimed to be exempt from attachment is a tool under the statute, the question should be submitted to the jury whether its use as a tool by the debtor in his business is reasonably necessary. If it is, it is exempt; otherwise, it is not exempt.

In Massachusetts a clock and a stove are " tools or implements " of a milliner, if the jury find they are necessary for her as such in her business. *Woods* v. *Keyes*, 14 Allen 236. On the same ground a sewing machine, in *Rayner* v. *Whicher*, 6 Allen 292, and a musician's cornet, in *Baker* v. *Willis*, 123 Mass. 194, were held exempt. *Dowling* v. *Clark*, 3 Allen 570.

In *Morse* v. *Keyes*, 6 How. Pr. 18, it was held, as a matter of law, that a wagon was not exempt under a statute exempting " working tools and a team," although it might be necessary for the debtor to use it in his business. But this case was subsequently practically overruled. In *Dains* v. *Prosser*, 32 Barb. 290, the same question arose, and the court held that it was not a question of law, but one of fact.

So, also, the New York courts have held the following articles exempt, after it had been found that they were necessary for the debtor : A fisherman's net and boat, as " working tools "—*Sammis* v. *Smith*, 1 N. Y. (S. C.) 444; a clock, as household furniture— *Willson* v. *Ellis*, 1 Denio 462; a copper tea-kettle, as a cooking utensil—*Van Sickler* v. *Jacobs*, 14 Johns. 434; a watch, as a tool— *Bitting* v. *Vandenburgh*, 17 How. Pr. 80. See, also, *Eastman* v. *Caswell*, 8 How. Pr. 75; *Patten* v. *Smith*, 4 Conn. 450; *Sallee* v. *Waters*, 17 Ala. 482; *Richardson* v. *Buswell*, 10 Met. 506; *Pierce* v. *Gray*, 7 Gray 67; *Davlin* v. *Stone*, 4 Cush. 359; *Howard* v. *Williams*, 2 Pick. 80.

In this case the plaintiff's wagon and harness, being used by him in riding to visit his patients, being reasonably necessary for his pursuit of his occupation, and being, with all his other tools, of less value than $100, were exempt.

*Case discharged.*

DOE, C. J., and ALLEN, J., did not sit : the others concurred.