### E. A. ROWELL v. E. W. POWELL.

*Exemption from Attachment under the Act of 1866, No. 39.*

1. It is not necessary that the horse be in *actual use*, at the time of attachment, to be exempt. It is exempt if the owner *keeps it with the honest intention and purpose of using it*, within a *reasonable time*, for team work, to enable him with the aid of the animal to procure a livelihood.

2. *Future intended use* is as controlling upon the question of exemption as any *past use*.

3. *Sullivan* v. *Davis*, 50 Vt. 648, distinguished. There, the colt, claimed to be exempt, was *too young* for team work.

4. The Act of 1866, No. 39, as to exemptions, construed.

THIS case was tried at the February Term, 1880, REDFIELD, J., presiding. Verdict for plaintiff.

Action, trespass and trover. Plea, general issue, and notice that the defendant justified the taking as constable, on two writs, &c. The question was whether the colt attached was exempt.

Rowell v. Powell.

Prior to, and at the time, of the taking of said colt, on the 2nd day of March, A. D. 1878, it had not been put constantly by the plaintiff to any work, but had been used and worked from time to time as he had opportunity.   The plaintiff was then an unmarried man, owning no land, and making his home with his father, for whom he had worked during the previous season.   Shortly before the taking of the colt, plaintiff had had some talk with one Seaver of Troy, Vt., about peddling for him the following summer, and at the trial, he claimed, that, at the time of the taking, he had determined to go peddling in the spring of 1878, as soon as the snow was off, and it should be good wheeling; and had made arrangements to have his goods of one Darling of Albany, Vt.   The court charged the jury that they were to : " take into consideration what business said colt was used for, in present and prospective, both ;   that, if it was true, as the plaintiff claimed, that he was casting about for a living, and had been over to Troy to see this merchant, and then had talked with Mr. Darling, and finally completed a trade to take his goods from Mr. Darling, and go into business just as soon as the snow was off, and he could begin to peddle, if that was a fixed purpose he had in mind ; if he was preparing and resolved to enter upon that business, then it would not be competent for a creditor to break it up by attachment ; for the colt was in use practically ; it was kept practically, for this business, gaining a living by peddling goods, and would be exempt, and the plaintiff would be entitled to recover."   To this part of the charge the defendant excepted. The charge except the above was satisfactory.

Exceptions allowed, execution stayed, and case passed to the Supreme Court.

*John Burke* and *W. W. Miles*, for plaintiff.

The horse was exempt. *West River Bank* v. *Gale*, 42 Vt. 27 ; *Webster* v. *Orne*, 45 Vt. 40.   The charge as to the intention of using the horse in future, having a bearing on the question of exemption, was correct. *Hickok* v. *Thayer*, 49 Vt. 372.   The burden was on defendant to show that the horse was not kept and used for *team work*. *Sampson* v. *Warner*, 48 Vt. 247.

*L. H. Thompson*, for the defendant.

The horse must be *kept* and *used* for team work *in præsenti*, to be exempt. *Webster* v. *Orne*, 45 Vt. 40 ; *Mundell* v. *Hammond*, 40 Vt. 647 ; *Hickok* v. *Thayer*, 49 Vt. 374. There must be actual use ; *intention* to use is not sufficient. *Sullivan* v. *Davis*, 50 Vt. 648. " Preparing and resolving " to do a thing is not the performance of the thing.

The opinion of the court was delivered by

ROYCE, J. As we understand that portion of the charge that was excepted to, the court instructed the jury (in substance) that they were to take into consideration what business the colt had been used for previous to the attachment, and what future use the plaintiff intended to put him to, at the time the attachment was made, and if they should find that the plaintiff had then resolved to engage in the business of peddling as soon as the snow should go off, and had the *bona fide* intention of using the colt in that business, that he would be exempt from attachment, under No. 39 of the acts of 1866. It is not now claimed but what the evidence of the past use of the colt was proper to be admitted, but it is claimed that to make him exempt, he should have been kept and used for team work at the time of the attachment ; that there must be an actual use, and that the intention to use him for such work at some future time would not render him exempt. It has never been understood that an actual user of the animal for team work at the time its exemption from attachment was claimed was necessary ; such a construction would defeat the evident purpose of the statute. In *Webster* v. *Orne*, 45 Vt. 40, the past use of the horse for team work seems to have been regarded as decisive ; for the horse was not in use for team work at the time he was attached, and it does not appear that he was then on the farm, where he had been so used, and his owner was then intending to sell him. Future intended use is as controlling upon the question of exemption as any past use. " Kept and used " signifies that the animal must be kept for team work and must be in actual use, or it must be kept with the honest intention and purpose of the owner, within a reasonable time thereafter, to use him for team work as occasion

may require, to enable him with the aid of the animal to procure a livelihood. The case of *Sullivan* v. *Davis*, 50 Vt. 648, relied upon by the defendant, differs from this in the important fact that exemption was claimed in that case, for a colt less than two years old, and which it is found was too young for team work, so that he did not come within the description of animals that are exempted by the statute.

In view of what appeared upon the trial, we do not find any error in the charge, and the judgment is affirmed.