THOMAS CONNELL v. ENOS C. FISK, Jr.

*Exemption from Attachment.*

1. A colt, not exempt under the statute as being kept for team work, is not exempt because it was received in exchange for a horse that was exempt.
2. If one claims property to be exempt, he must show affirmatively all the facts necessary to bring his property within the statute of exemptions.

HEARD by the court, March Term, 1881, VEAZEY, J., presiding. Trover for the conversion of a colt, two years old. Judgment, for the defendent. The defendant was a sheriff, and took the colt on an execution against the plaintiff. The plaintiff had exchanged a horse that was exempt for the colt in question. The questions raised in the court below are stated in the opinion.

*J. E. Manley*, for the plaintiff, cited 53 Vt. 302 ; 45 Vt. 40 ; 29 Vt. 289 ; 40 Vt. 641 ; R. L. s. 1076.

*Joel C. Baker*, for the defendant.

The opinion of the court was delivered by

ROWELL, J. The fact that the colt in question was acquired by exchanging therefor a horse that was exempt from attachment, does not exempt it. The statute that provides that no person shall be liable or chargeable on trustee process on account of a sum due or owing to the principal debtor for property sold and conveyed or delivered by him that was at the time of such sale exempt from attachment and execution, is not operative to this extent.

The colt was not broken at the time it was taken on execution, although the plaintiff had commenced to handle it some, with a view to breaking. It had never been kept and used for team work ; and the case does not disclose that plaintiff had any intent or purpose of keeping and using it for such work, nor that he selected it for exemption. The burden was on the plaintiff to show affirmatively all the facts necessary to bring his property within the statute of exemption. This he has failed to do.

Judgment affirmed.