## CHAS. B. ROLLINS *v.* JOHN K. ALLISON AND TRUSTEE.

*Exemption.    Trustee.    Practice.    Cost.    Commissioner.*
R. L. ss. 1158, 1556.

1. When one claims that property is exempt from attachment by trustee process, it is incumbent on him to show it; it is not enough to prove that it is of the kind exempted by statute—as a cow.

2. The commissioner should have determined whether the cow and hog were exempt.

3. It was discretionary with the court whether to allow counsel fees to the trustee or not.

TRUSTEE PROCESS.    Heard on the report of a commissioner, June Term, 1885, Orange County, ROWELL, J., presiding. Judgment on the report that the trustee is chargeable, and for the trustee to recover costs, except counsel fees, which are denied her.

*John H. Watson,* for the trustee, cited, to show that the trustee was not chargeable, R. L. s. 1556; *Parks* v. *Cushman,* 9 Vt. 320; *Clark* v. *Averill,* 31 Vt. 512; Drake Att. ss. 4, 461; *Rice* v. *Talmadge & Tr.* 20 Vt. 378; *Porter* v. *Stevens,* 9 Cush. 530; *Richards* v. *Stephenson & Tr.* 99 Mass. 311; *Wilcox* v. *Hawley,* 31 N. Y. 653; *Stevens* v. *Moroney,* 29 Ill. 532.    The property was exempt unless it affirmatively appears that the debtor had another cow and swine.    *Hastie* v. *Kelley,* 57 Vt. 293.    The trustee should be allowed her counsel fees. R. L. s. 1158.

*Smith & Sloan,* for the plaintiff.

It should affirmatively appear that the property was exempt. *Bourne* v. *Billings,* 22 Vt. 429.    There was no error in disallowing counsel fees.    *Perry* v. *Whitney,* 30 Vt. 390.

The opinion of the court was delivered by

ROYCE, Ch. J.   The only question presented by the report of the commissioner is as to the liability of the trustee.   The commissioner found that the trustee had certain articles of personal property in her possession belonging to the principal defendant at the time of the service of the writ upon her; and it is now claimed that the trustee should not be adjudged chargeable on account of the cow and hog, which formed a part of said property, for the reason that they were exempt from attachment under R. L. s. 1556.

That section provides that the goods or chattels of a debtor, with certain exceptions, among which are one cow and the best swine, or the meat of one swine, may be taken and sold on execution.   It does not appear that upon the hearing before the commissioner the trustee or defendant claimed that the cow and hog were exempt, but they rested their right to hold them upon the ground that they had been turned out to the trustee by the defendant to pay her for money she had before advanced to him.   The question as to whether the property was exempt from attachment was a proper one to be heard and determined by the commissioner.   It was not enough to excuse the trustee from liability to show that the property was of the kind that is exempted by the statute; she should have shown that it was in fact exempt.   The same proof would be required to excuse the trustee from liability that would be required in a suit brought by the defendant against one who had wrongfully attached the property.   In *Bourne* v. *Merritt*, 22 Vt. 429, it is said that if the plaintiff claimed that the property was exempt from the operation of the general law subjecting property to attachment and execution, it was for him to show it.

There was no error in refusing counsel fees to the trustee; it was discretionary whether to allow them or not.

The judgment is affirmed.