## DANIEL H. STEELE v. HORACE W. LYFORD.

*Exemption from Attachment under the Statute.* R. L. s. 1556.

Actual use of a horse is not essential to its exemption from attachment; it may be exempt when kept with an honest intention of using it for team work within a reasonable time.

REPLEVIN for a horse taken by defendant, as sheriff, on a writ against the plaintiff. Heard on a referee's report, March Term, 1886, Washington County, POWERS, J., presiding.

Steele *v.* Lyford.

Judgment *pro forma* on the report for the defendant. The case is stated in the opinion.

*Z. S. Stanton* and *J. J. Wilson*, for the plaintiff.

*John H. Senter and Geo. W. Wing*, for the defendant.

The opinion of the court was delivered by

ROWELL, J. The question presented is, whether the keeping of this horse, with an honest intention of using it for team work within a reasonable time, is sufficient to exempt it from attachment.

In *Rowell* v. *Powell*, 53 Vt. 302, the phrase " kept and used," found in the statute, was, in effect, defined to mean that the animal must be kept, and have been actually used, for team work, *or* be kept with an honest intention of so using it within a reasonable time. This case fulfills the alternative of that definition.

Present use is not necessary. Past use may be controlling. And in the case cited it is said that an intention of future use is as controlling as past actual use. And it ought to be ; for if a man's horse or his ox can be taken from him before he has time or opportunity to work it, the watchfulness of creditors might make it difficult for an embarrassed debtor to have a team at all.

Nor is this idea of intention new in the cases. Thus, *Dow* v. *Smith,* 7 Vt. 465, goes upon the ground, not that the heifer was a cow, but that the plaintiff might " *call and consider* " her his cow, having no other better entitled to the appellation. A similar decision in Massachusetts was put upon the express ground of an honest " expectation and purpose " to keep the heifer for a cow.

Judgment reversed, and judgment for plaintiff for one cent damages and costs.