## A. A. CHAMBERLAIN v. G. S. WHITNEY.

### CALEDONIA COUNTY, 1893.

Before:   TAFT, ROWELL, MUNSON AND START, JJ.

*Exempt property.   What facts must appear in suit to recover for.   No presumption of fact not warranted by record.   Assumption of fact in trial below.*

1.   In order to recover for property as exempt, the plaintiff must show all the facts necessary to bring the property within the statute of exemption.

2.   Where the plaintiff claims to recover for a wagon under a statute exempting a wagon or ox-cart, as the debtor may elect, it must affirmatively appear that the debtor had no ox-cart or that he elected the wagon as exempt.

3.   The supreme court will not presume in favor of a judgment that the trial court drew any inference or found any fact not fairly warranted by the facts certified up.

4.   Where the exceptions state that the course of the examination assumes a certain fact, that fact will be treated as in the case.

5. The supreme court refused to recommit the case for a further finding of fact.

Trover.   Pleas, the general issue with notice of special matter.   Trial by court at the December term, 1892, Ross, Ch. J., presiding.   Judgment for the plaintiff.   The defendant excepts.

The plaintiff brought suit to recover the value of a wagon, harness, and saddle, which had been sold by the defendant upon execution, on the ground that they were exempt from attachment.

In reference to the wagon the exceptions stated the following facts only :

" The wagon was the plaintiff's only wagon, which had been built over about five years ago from a buggy wagon into a strong slat wagon, and used almost wholly by the plaintiff to draw his feed, butter and other heavy articles in connection with the farms he carried on ; it was capable of carrying a load of half a ton or more."

The court found that the harness was used with the wagon. Upon the question whether the plaintiff had any other harness the exceptions stated "The plaintiff was not asked by either party whether he owned any other harness, but the course of examination assumed he did not."

The court found the value of the harness to be $4, and of the wagon $10, and gave judgment for $14.

*E. A. Cook* for the defendant.

The plaintiff must affirmatively show all the facts necessary to bring this property within the statute of exemption. *Bourn* v. *Merritt*, 22 Vt. 429 ; *Rollins* v. *Allison et al.*, 59 Vt. 188 ; *Connell* v. *Fisk*, 54 Vt. 381.

*Henry C. Ide* for the plaintiff.

The wagon was exempt.   *Webster* v. *Orne*, 25 Vt. 40 ;

*Mundell* v. *Hammond*, 40 Vt. 641 ; *Rowell* v. *Powell*, 53 Vt. 302 ; *Steele* v. *Liford*, 59 Vt. 230.

It will be presumed to uphold a judgment that the trial court made such inferences as it might have made and must have made to render the judgment. *Smith* v. *Day*, 23 Vt. 656 ; *Emerson* v. *Young*, 18 Vt. 603 ; *Crain* v. *Crain*, 33 Vt. 15 ; *McCram* v. *Hallock*, 30 Vt. 233 ; *Harriman* v. *School Dist.*, 35 Vt. 313 ; *Siward* v. *Heflin*, 20 Vt. 144 ; *Pattee* v. *Pelton*, 48 Vt. 182 ; *Wills* v. *Judd*, 26 Vt. 617 ; *Emery* v. *Tichout*, 13 Vt. 15 ; *Stone* v. *Foster*, 16 Vt. 546 ; *Berchard* v. *Palmer*, 18 Vt. 203 ; *Barber* v. *Britton*, 26 Vt. 112.

ROWELL, J.   It is too well settled to admit of question, that in order to recover for property as exempt from attachment the plaintiff must show all the facts necessary to bring the property within the statute of exemption.

It is found that the wagon was the plaintiff's only wagon. Its kind and the use to which it was put make it exempt, if enough else appears to make it so. *Hickok* v. *Thayer*, 49 Vt. 372.   The statute provides that there shall be exempt one two-horse wagon, or one one-horse wagon used for purposes of teaming, or one ox-cart, as the debtor may choose. It is not found whether the plaintiff had an ox-cart or not, nor whether he chose the wagon for exemption.   If he had an ox-cart, he would have had to choose the wagon in order to exempt it.   Plaintiff claims that as all reasonable presumptions are to be made in favor of the judgment, we ought to presume that the court below inferred and found from the facts certified up that the plaintiff did not have an ox-cart; and he makes the still broader claim, that if any further inferences of fact are necessary to uphold the judgment, the presumption is that the court below made them. This last claim is too broad to be sound.   The true rule on this subject is laid dawn in *Pratt* v. *Page*, 32 Vt. 13, to the

effect that this court will presume in favor of the judgment that the court below inferred such facts from those certified up as it ought to have inferred, or as it fairly might have inferred. Applying this rule, there is clearly nothing in the record from which the court below could have fairly inferred and found that the plaintiff did not have an ox-cart. Indeed, the record is entirely silent on that subject; and as said in *Pratt* v. *Page*, it can hardly be said that a judgment is fairly sustained that is made to rest solely on the presumption that the court below inferred a fact that does not fairly arise from those certified up.

Nor does it appear that the course of the trial was such as to amount to a concession that such was the fact. The judgment therefore cannot be sustained as to the wagon.

The only objection made to the judgment for the harness is that it does not appear that the plaintiff did not have two other harnesses and chose this one. But the course of the examination assumed that he had no other harnesses, the exceptions say, and we understand this to mean a mutual assumption, and that the court treated it as a concession of that fact. The court had a right to treat the case as the parties treated it, and to decide it accordingly, as it manifestly did on this point. Hence the judgment for the harness was correct. The saddle was not included in the judgment.

The plaintiff now asks to have the cause remanded, that he may show that he did not have an ox-cart, which he asserts to be the fact. But it would hardly be warrantable to do that, with nothing to show why he did not make that proof on trial. And besides, the value of the wagon is so small, only $10, that it is better for the plaintiff that the litigation should stop here.

*Judgment reversed and judgment for the plaintiff for $4, the value of the harness.*