CHITTENDEN COUNTY TRUST CO. *v.* LYMAN C. HURD, JR., LYMAN C. HURD, SR., AND CARRIE A. WINTER.

November Term, 1918.

Present:   WATSON, C. J., HASELTON, POWERS, TAYLOR, and MILES, JJ.

Opinion filed January 13, 1919.

*Agreed Statement of Facts—Inferences—Homestead—Burden of Proof—Occupancy Shortly After Purchase—Foreclosure of Mortgage—Cross-bill by Second Mortgagee—Scope of Relief.*

Where a case stands on an agreed statement of facts, its determination in this Court must be based upon the facts ·thus appearing; for no inference could be drawn by the court below therefrom.

The burden is on the holder of a second mortgage, in the execution of which the mortgagor and his wife joined, to show that the

mortgagor had a homestead right in the premises as against a first mortgage, executed by the mortgagor alone, to the extent of the indebtedness which was not a part of the purchase money of the premises.

A. purchased certain premises, and the delivery of the deed to him and the execution and delivery by him of a mortgage of said premises securing a part of the purchase money and other indebtedness were concurrent acts. It did not appear that A. purchased the premises with the intention of making them a homestead nor that he used or kept them for such purpose before he moved his family therein and occupied them as such "shortly after" the delivery of the deed and mortgage. *Held*, that the fact that A. was using or keeping the premises as a homestead at the time of the execution and delivery of the mortgage was not established.

A cross-bill by a subsequent mortgagee which was dismissed on the determination in favor of the plaintiff of the issue of the priority of his mortgage, should, under the circumstances, be retained against all the parties except the plaintiff.

APPEAL IN CHANCERY. Heard on an agreed statement of facts at the March Term, 1918, Chittenden County, *Wilson*, Chancellor. Decree for the plaintiff. Defendant Lyman C. Hurd, Sr., appealed.

*J. J. Enright* and *R. E. Brown* for the defendant.

When premises are purchased for a homestead and the purchaser moves into possession within a reasonable time after the purchase, the premises are impressed with the character of a homestead from the time of the purchase. *Hair* v. *Davenport*, 74 Neb. 117; *Evans* v. *Daniels*, 25 Tex. Civ. App. 362; *Ainsworth* v. *Dorsey*, 191 S. W. 594 (Tex. 1917); 10 Dec. Dig. Home 55, 59, 32; 25 Cent. Dig. Home 77-80; *Reske* v. *Reske*, 51 Mich. 541; *Edwards* v. *Fay*, 9 Kans. 417; *Hanlon* v. *Pollard*, 17 Neb. 368; *Webb* v. *Hollenbeck*, 48 Ill. App. 514; *Spratt* v. *Allen*, 106 Ky. 274; *Gardner* v. *Douglass*, 64 Tex. 76; *Davis* v. *Kelley*, 62 Neb. 642; *White* v. *Waddington*, 78 Tex. 159.

*J. H. Macomber* for the plaintiff.

If the premises are not actually occupied or *used* by the homesteader, they must be *kept* by him with the continuous intention to occupy them at some definite early date; the intention must be manifested by acts showing preparations to occupy; there must be actual occupancy in due time, and the premises must be susceptible of occupancy. *Keyes* v. *Bump*, 59 Vt. 391; *Bugbee* v. *Bemis*, 50 Vt. 216; *Thorp* v. *Thorp*, 70 Vt. 46; *Thorp* v. *Wilbur*, 71 Vt. 266; *Goodall* v. *Boardman*, 53 Vt. 92; *Rice* v. *Rudd*, 57 Vt. 6; *Russ* v. *Henry's Est.*, 58 Vt. 388; *Hyser* v. *Mansfield*, 72 Vt. 71; *Woodbury* v. *Warren*, 67 Vt. 251; *West River Bank* v. *Gale*, 42 Vt. 27.

STATEMENT BY WATSON, C. J.   The agreed facts show that defendant Lyman C. Hurd, Jr., purchased the land and premises sought to be foreclosed, of one Mary B. Mayo, by deed dated July 29, 1913, but the purchase was not consummated by delivery of the deed until July 31, 1913, at which time the plaintiff's mortgage was executed and delivered.   The deed and mortgage were delivered concurrently.   Shortly after the delivery of the deed and mortgage, Lyman C. Hurd, Jr., took possession of the premises, moved his family therein, and occupied the same as a homestead until he and his wife conveyed them to defendant Carrie A. Winter, on July 23, 1915.   Mary B. Mayo was in possession of the premises until Hurd, Jr., took possession.

The mortgage to the plaintiff was executed by Lyman C. Hurd, Jr., only, his wife not joining, and is conditioned for the payment by him to the plaintiff of his promissory note for $4,500, bearing even date therewith.   This sum was a part of the purchase money used by Hurd, Jr., in purchasing the premises, and is so declared in the mortgage.   This mortgage is also conditioned for the payment by Hurd, Jr., of any and all other indebtedness to the plaintiff theretofore or thereafter contracted by him and represented by promissory notes or otherwise, for keeping the buildings insured against fire for the benefit of the plaintiff, and for the payment of all taxes assessed on the premises.

On December 18, 1913, Lyman C. Hurd, Jr., and his wife Elizabeth W. Hurd, executed and delivered to Lyman C. Hurd, Sr., a mortgage of the same premises, conditioned for the payment to the mortgagee by the mortgagors, of their promissory note of even date for $1,500.   This note is due and unpaid.   In

this mortgage the premises are warranted free and clear of encumbrance, except the mortgage to the plaintiff.

At the time of the execution and delivery of the mortgage to the plaintiff, Lyman C. Hurd, Jr., was indebted to the plaintiff in the sum of $2,500, theretofore contracted and represented by a promissory note for that sum. The original of this note was dated June 4, 1913, and was renewed by a similar note from time to time; the one described in plaintiff's petition for that amount being the last renewal. These notes, though signed, "Northern Produce Co., by Lyman C. Hurd, Jr., Treasurer," and indorsed by Lyman C. Hurd, Jr., demand and notice waived, evidence indebtedness that is his personal and direct obligation, the Northern Produce Company being the name under which he conducted business.

Plaintiff's $4,500 note and $2,500 note are both due and unpaid. There are unpaid taxes on the premises to the amount of $184.51.

It was agreed that all pleadings necessary to determine the rights of the plaintiff and of Lyman C. Hurd, Sr., might be treated as filed.

The decree was for the plaintiff for the full amount due on its two notes, and for taxes paid by the plaintiff amounting to $184.51, with time of redemption fixed, ten days additional being allowed to Lyman C. Hurd, Sr., in which to redeem in case Lyman C. Hurd, Jr., should fail to make any of the payments as specified therein.

The cross-bill of defendant Lyman C. Hurd, Sr., which relates to the homestead, was dismissed. Yet he was granted a decree of foreclosure as against all the parties excepting the plaintiff, subject to the rights before cared for by the decretal order. Lyman C. Hurd, Sr., appealed.

Watson, C. J.  As this case stands on an agreed statement of facts, its determination must be based on the facts thus appearing; for no inference could be drawn by the chancellor therefrom. *Mathie* v. *Hancock*, 78 Vt. 414, 63 Atl. 143.

The real question in the case is, Did Lyman C. Hurd, Jr., have a homestead right in the premises as against the plaintiff's mortgage to the extent that it secures the payment of his indebtedness which is not a part of the purchase money, his wife not joining in the mortgage? Lyman C. Hurd, Sr., asserts such

a paramount homestead right which is covered by the subsequent mortgage to him, in the execution and acknowledgment of which the husband and wife joined.   The burden is on him to maintain this assertion.   *Whiteman* v. *Field,* 53 Vt. 554; *Thorp* v. *Wilbur,* 71 Vt. 266, 44 Atl. 339.

The delivery of the deed of the property to Lyman C. Hurd, Jr., and the execution and delivery by him of the mortgage to the plaintiff, were concurrent acts.   The agreed facts contain no statement to the effect that the premises were purchased by Hurd, Jr., with the intention of making any part of them a homestead, nor that he used or kept them or any part of them for such purpose before he moved his family therein and occupied the same as such, "shortly after" the delivery of the deed and mortgage.   "Shortly," in point of time, is a relative term.   It means, says Webster's International Dictionary, "In a short or brief time or manner; soon; presently; quickly."   The facts of record, therefore, fall short of establishing that at the time Hurd, Jr., executed and delivered the mortgage to the plaintiff, he was using or keeping the premises or any part of them as a homestead.   It follows that the plaintiff's mortgage is a valid security on the entire premises, for the payment of both its notes, and the taxes specified.

The foregoing, in effect, disposes of all the questions presented in argument.   One mistake appears in the decree, however, which should be rectified.   Thereby the cross-bill of Hurd, Sr., which relates to the homestead, is dismissed *in toto,* whereas (under the agreement as to pleadings) it should be treated as broad enough to afford a basis for the affirmative relief granted him by way of a decree of foreclosure against all the parties except the plaintiff, subject to the rights there mentioned.   For this purpose the cross-bill should be retained in the case, dismissing it as to the plaintiff only, and the decree is altered accordingly.

*Decree, as altered, is affirmed, and cause remanded.   Let new times of redemption be fixed.*