RICHARD S. HOOPER, TRUSTEE IN BANKRUPTCY *v.* JOHN A.
KENNEDY.

February Term, 1927.

Present: WATSON, C. J., POWERS, SLACK, FISH, and MOULTON, JJ.

Opinion filed May 4, 1927.

*Bankruptcy—Property Claimed as Exempt—Evidence—Judicial
Notice—G. L. 2439—Burden on Bankrupt To Establish
Affirmatively Exempt Character of Property So Claimed—
Inferences Permissible from Agreed Facts—Insufficiency of
Facts To Establish Exemption Claimed.*

1. Where bankrupt in his schedules claimed desk and typewriter
   exempt under G. L. 2439, in replevin thereof by trustee in
   bankruptcy whether such property was exempt relates back
   to time of filing petition in bankruptcy, and future intended
   use is as controlling on question of exemption as past use.

2. It is a matter of common knowledge that a typewriter is an in-
   strument operated by hand, and is used to a great extent in
   carrying on or prosecution of most kinds of business, requir-
   ing much correspondence in dealing with others, or in connec-
   tion with commercial transactions had with others.

3. In replevin by trustee in bankruptcy of desk and typewriter,
   question whether typewriter came within G. L. 2439, exempt-
   ing from attachment tools necessary for sustaining life, *held*,
   in circumstances of case, mixed question of law and fact.

4. In such action, where bankrupt claimed desk and typewriter to
   be exempt under G. L. 2439 as tools necessary for sustaining
   life, burden was on bankrupt to establish affirmatively all facts
   necessary to bring such articles within statute of exemption.

5. Where facts in case are stated by agreement of parties, none ex-
   cept necessary inferences therefrom can be drawn, or con-
   sidered.

6. In replevin by trustee in bankruptcy of desk and typewriter,
   claimed by bankrupt to be exempt under G. L. 2439 as tools
   necessary for sustaining life, *held* that agreed facts failed
   to show affirmatively that such articles were used by bank-
   rupt in carrying on his business before filing of petition in

bankruptcy, or that at such time he intended to continue business requiring their use in connection therewith, or that property was exempt as claimed.

ACTION OF REPLEVIN.   Heard on agreed statement of facts by Caledonia county municipal court, *Harry Blodgett,* Judge. Judgment for the plaintiff.   The defendant excepted.   The opinion states the case.   *Affirmed.*

*Leon E. Ellsworth* for the defendant.

*Horace F. Graham* for the plaintiff.

STATEMENT BY CHIEF JUSTICE WATSON: The plaintiff, Richard S. Hooper, is trustee in bankruptcy of the estate of the defendant John A. Kennedy, bankrupt.

The plaintiff, in this action, replevied from the defendant a roll-top desk and an Oliver typewriter which the defendant in his schedules in bankruptcy claimed were exempt.   Answer was waived, and the case was tried in the municipal court of Caledonia County, on an agreed statement of facts.   From the agreed facts it appears:

That Kennedy was the owner of a granite business in Hardwick up to the time he was adjudged a bankrupt and in his business solicited orders from retail monumental dealers in several different states of the United States; that orders so procured were "sub-let" to granite manufacturers, either on an agreed consideration or upon a percentage of commission, and this business he has continued for some time, covering several years, and was so engaged at the time this action was brought; that about two years ago he opened a stone shed for the purpose of manufacturing granite and filled most of the orders he received from his own factory or stone shed, though during that time some of his contracts were "sub-let"; that owing to business reverses and financial reverses at the time of filing the petition in bankruptcy he was unable to keep up his advertising and mailing circulars to procure orders and was further unable to provide himself with stationery and other supplies, and for a short time was employed in the office of a granite manufacturer, keeping books, attending correspondence, drafting and doing such other work as is common thereto; but he knew the employment was to be for only a short time, and it was so understood be-

tween him and his employer; that he was so employed at the time this action was brought; that shortly thereafter his employment ceased and he has been left with no means of earning a livelihood by his regular occupation, and as a result of this action he has had to resort to the work of a common laborer in a furnace factory; that since the time of his being bankrupt he has had an opportunity to sub-let a great amount of business, four different manufacturers have asked him for "jobs to cut," and have further asked him to supply them with work, which he is unable to do without the typewriter and roll-top desk that have been taken from his possession by virtue of this suit; that it is his honest intention to continue the business of granite dealer or broker, and as such the said typewriter and desk are necessary in correspondence and filling orders. No claim was made by defendant in the court below that the said two articles were exempt by law, unless they were "tools" within the meaning of section 2439 of the General Laws of Vermont.

On the agreed statement of facts, the court below adjudged that the typewriter and roll-top desk, replevied in this suit, were not "tools" within the meaning of that section of the statute, and that defendant was not entitled to hold the same as exempt against the trustee in bankruptcy, etc., to which defendant excepted, and brings the case to this Court for review.

Watson, C. J. G. L. 2439 declares generally that the articles specified therein shall be exempt from attachment and execution, unless turned out to the officer by the debtor to be so taken.

The clause therein, under which defendant claims as exempt the typewriter, and roll-top desk in question, reads: "Such suitable apparel, bedding, tools, arms and articles of household furniture, as may be necessary for sustaining life." To particularize further, he claims that on the agreed facts of record the two articles in controversy are, under said clause, "suitable * * * tools, * * * necessary for sustaining life."

This Court has said that when a class of property is exempt, such as is named in this clause, "the courts take care that the beneficial purposes of the Legislature are carried into execution, and give the statute the most liberal construction." *Carty* v. *Drew,* 46 Vt. 346.

[1] The question of exemption relates back to the time of the filing of the petition in bankruptcy (*Smalley* v. *Laugenour,*

196 U. S. 93, 49 L. ed. 400, 25 Sup. Ct. 216), and future intended use is as controlling on the question of exemption as past use. *Rowell* v. *Powell*, 53 Vt. 302; *Steele* v. *Lyford*, 59 Vt. 230, 8 Atl. 736.

The term *necessary,* as used in the clause quoted, "has been construed to mean convenient or useful, and that has been deemed convenient or useful which a man procures for his own personal use, unless extravagant." *Garrett* v. *Patchin,* 29 Vt. 248, 70 A. D. 414; *Allen* v. *Thompson,* 45 Vt. 472.

[2-4] It is a matter of common knowledge that a typewriter is an instrument operated by hand, and is used to a great extent in the carrying on or prosecution of most kinds of business, requiring much correspondence in dealing with other people or business concerns, or in connection with commercial transactions had with others. Such an instrument may or may not be a tool necessary to the particular individual, for sustaining life, within the meaning of the statutory clause under consideration; and in the case at bar it is a question not of law alone, but of law and fact to be answered as a fact. *Richards* v. *Hubbard,* 59 N. H. 158, 47 A. R. 189. And the burden was on the defendant to establish affirmatively all the facts necesary to bring the particular articles replevied within the statute of exemption. *Connell* v. *Fisk,* 54 Vt. 381; *Bourne* v. *Merritt,* 22 Vt. 429; *Rollins* v. *Allison,* 59 Vt. 188, 10 Atl. 201; *Chamberlain* v. *Whitney,* 65 Vt. 488, 27 Atl. 72.

[5] It affirmatively appears of record that at the time of filing the petition in bankruptcy the defendant, by reason of business and financial reverses, was for a time (understood by both parties to be short) under employment in the office of a granite manufacturer, and was so employed at the time of the bringing of this suit. Only by necessary inference from the fact stated that defendant claimed in his schedules in bankruptcy that said typewriter and desk were exempt, does it affirmatively appear that he even owned them at the time of filing the petition in bankruptcy. The facts in this case being by agreement of parties, none except necessary inferences therefrom can be drawn, or considered. *Mathie* v. *Hancock,* 78 Vt. 414, 63 Atl. 143; *Chittenden County Trust Co.* v. *Hurd,* 93 Vt. 71, 106 Atl. 564; *Barre* v. *Barre & Chelsea R. R. Co.,* 97 Vt. 398, 123 Atl. 427, 37 A. L. R. 207. It does not appear that the bank-

ruptcy court has made any order, either way, touching the question of the exemption here claimed.

[6]    The facts agreed do not show affirmatively that the typewriter and desk in controversy were used by defendant in carrying on or prosecuting his said business before or at the time of filing the petition in bankruptcy, nor that at the time of such filing he intended to continue the business of granite dealer or broker in the future, and as such to use said typewriter and desk, as before, in connection therewith. The facts of record show: "It is his intention to continue" said business, "and as such the said desk and typewriter are necessary in correspondence and filling orders." The fact thus stated is not in the *past tense* of an intention had by him at the time of filing the petition in bankruptcy, but in the *present tense* of his intention at the subsequent time when the facts were agreed upon as the basis of this case.

It follows that the defendant has not shown that, under the statute, the property was in fact exempt as claimed.

*Judgment affirmed.*