## TOWNS *v.* PRATT *& als.*

A traveling trunk, mahogany cabinet-box and breast-pin, are not articles exempted from attachment and execution under the provisions of chap. 184 of the Revised Statutes, as wearing apparel, necessary for the debtor and his family, nor as household furniture.

A trunk, locked, containing articles exempted from attachment, may be taken by the officer into his possession, opportunity being given to the debtor to remove from the trunk such articles as are not subject to attachment; and if the debtor decline to remove them they may be retained by the officer until called for by the owner; and if delivered when called for, no action lies against the officer for the taking.

TROVER for a trunk and its contents, consisting of various articles of wearing apparel and a mahogany cabinet-box, and its contents, consisting of a cigar case, a pack of playing cards, and a breast-pin.

The cause was submitted upon a statement of facts, in which it was agreed by the parties that Durgin, one of the defendants, a deputy sheriff, attached said articles as the property of the plaintiff upon a writ of attachment in favor of the other defendants. The plaintiff was present at the time of the attachment, and was requested by the officer to take the wearing apparel from the trunk, and opportunity was given him to do so. This the plaintiff declined to do. The trunk was then opened by the officer, the articles of clothing carefully taken from it and offered to the plaintiff, who declined to receive them. The officer retained them in his possession until they were sent for some time afterwards by the plaintiff, when they were delivered up to him. The trunk was used by the plaintiff for keeping in it his clothing when not in use.

The trunk and the cabinet-box and articles contained in it were sold by the officer upon execution, which issued in the suit in which they were attached, and the proceeds applied thereon. It was further agreed, that if, in the opinion of the court, the defendants are liable for taking any of said articles, judgment shall be rendered for the plaintiff for such damages as may be agreed on by the parties, or assessed by the court; otherwise judgment ordered for the defendants.

*Bellows*, for the plaintiff.

The trunk was an article of furniture, used, and necessarily used by the plaintiff, for keeping and transporting his clothing; as much as a chest or bureau. The cabinet-box may also be

regarded as furniture, and the breast-pin is an article of dress. It is not to be presumed that it was unsuitable. The law is to be liberally construed. *Peverly* v. *Sayles*, 10 N. H. 356; *Gibson* v. *Tenney*, 15 Mass. 205, where it was held that the meat of one swine was exempt. So cloth, carried to the tailor's to be made into clothes, is exempt. *Richardson* v. *Buswell*, 10 Met. 506. So a time-piece, and butter from milk of the only cow. *Leavitt* v. *Metcalf*, 2 Vt. 342.

The statute must be liberally expounded; such furniture as a prudent family is accustomed to have. Articles of comfort and convenience are necessaries under the Vermont statutes. *Hart* v. *Hyde*, 5 Vt. 328; *Hill* y. *Loomis*, 6 N. H. 363. Sofas and carpets may be regarded as necessary. *Davlin* v. *Stone*, 4 Cush. 359.

So the jury may infer, without evidence, that a horse, taken on execution, is a plow horse, and therefore exempt, and the judge rightly charged to that effect. *Mathews* v. *Redwine*, 25 Miss. 99.

*Alexander*, (with whom was *Bartlett*,) for the defendants.

It is a general principle of our law that all a debtor's property shall be liable for his debts. *Davenport* v. *Luan*, 17 Conn. 278. The statute exemption, being in derogation of this rule, is to be construed strictly. *Rice* v. *Alter*, 5 Den. 119; *Buckingham* v. *Billings*, 13 Mass. 85; *Joule* v. *Jackson*, 7 M. & W. 455; *Marport* v. *Gregory*, 1 Ib. 633; 4 Bac. Abr., Statute, I, 6. A trunk is not within the ordinary meaning of the term, "household furniture." Web. Dict., Furniture; much less within a strict interpretation of it. In its common acceptation it means furniture ordinarily used in a house for housekeeping; such articles as are *peculiar* to a household. In the earlier statutes it was used as synonymous with "household untensils." 5 Dane's Ab., ch. 136, art. 14, sec. 23; Stat. 1805, p. 226; Stat. 1815, p. 157, sec. 1; Stat. 1830, p. 476, sec. 1.

Though a trunk may not be uncommon among house-holders or in household arrangements, it is not *peculiar* to them. The

object of exemption is to preserve the debtor from being stripped of the necèssaries of life. Stat. 1805, p. 226. And to effect this object it is not necessary to hold that an article designed especially for traveling. purposes is necessary for upholding life in the debtor's household.

The use does not alter the nature of the article. If the debtor had used an iron safe, or a wagon, for the storage of his clothing, this use would not have made them household furniture within the meaning of the statute.

Most of the cases cited by the plaintiff are where the articles come confessedly within the general description of the statute, and the question was as to their necessity ; and upon that question it was *held*, that the intent of the legislature did not require a narrow construction ; or cases where it was held that the object of the statute looked at the debtor's substantial enjoyment of the thing exempted, rather than at its mere form. The cabinet box stands upon no better ground in respect to its nature or use.

The breast pin was merely an article intended for ornament. It is no more wearing apparel necessary for the use of the debtor, than a watch, or a cane, or the cigar-case or playing cards.

SAWYER, J. If the trunk in question was liable to attachment, the defendant, Durgin, was authorized to seize it, although in so doing he might to some extent interfere with the plaintiff's possession of articles contained in it which were exempted. In taking the trunk into his possession upon attaching it, he must necessarily take with it its contents ; and if he intermeddled with such of them as were not liable to attachment, to no greater extent than merely to remove them from the trunk and deliver them to the owner, or, upon his declining to receive them when offered, then to keep them safely until called for, he committed no wrong to the plaintiff for which he can be made liable in any form of action.

The only question which arises upon the case is, whether the trunk itself, or either of the other articles taken and sold by the defendant Durgin, namely, the cabinet-box, or breast-pin, were

exempted from attachment by virtue of the provisions of sec. 2, ch. 184, of the Revised Statutes, in which are enumerated the several classes of property exempted from attachment and execution, and among which are " the wearing apparel necessary for the debtor and his family," and " household furniture to the value of twenty dollars."

The cigar-case and playing cards, it would seem to be conceded, do not come within the description of any of the kinds of exempted property.

Articles of jewelry, designed to be worn upon the person as ornaments, are not wearing apparel in the popular sense of the term. As understood in its ordinary signification, it means clothing ; garments worn to protect the person from exposure, and not articles used for ornament merely. In its original signification the word " apparel" may have a more extensive meaning, including not merely vesture — habiliments for covering the person—but all ornaments and decorations worn with the vesture.

The exemption, however, under the statute is limited to the wearing apparel necessary for the debtor and his family. The word " necessary," as here used, is not to be understood in its most rigid sense, implying something indispensable, but as equivalent to convenient and confortable. *Peverly* v. *Sayles*, 10 N. H. 356. It would, therefore, include such articles of dress or clothing as might properly be considered among the necessaries in contradistinction to the luxuries of life. *Davlin* v. *Stone*, 4 Cush. 359. Whether an article attached is a necessary or a luxury, may, under some circumstances, be a question for the jury, depending upon the situation of the debtor and the character and uses, and perhaps the cost of the article. But in reference to trinkets, like a breast-pin, we think the court may be understood to know so much of their nature and purposes as to be at liberty to determine, without the intervention of a jury, that, under no circumstances, can they be held to be requisite for the comfort or convenience of the wearer, as apparel, so as to render them necessary within the meaning of the statute.

The trunk and cabinet-box, it is contended by the plaintiff, are

household furniture. That either may be, and the former, at least, often is conveniently applied to household uses, and thus made to subserve the purposes of household furniture, is undoubtedly true; but such we do not understand to be their primary or principal use. The expression, " household furniture," must be understood to mean those vessels, utensils or goods, which, not becoming fixtures, are designed in their manufacture originally and chiefly for use in the family, as instruments of the household and for conducting and managing household affairs. Neither of these articles would seem to hold such a place in the domestic economy. The trunk, though often perhaps made to some extent to take the place of the chest of drawers, the bureau or the wardrobe, is, nevertheless, in its construction designed for and adapted to the use of the traveller as such, rather than the householder. By the cabinet-box we understand an article designed, in its material and workmanship, rather for ornament than use, and, so far as designed for use, intended for keeping jewelry and other small articles of value; thus ministering to the taste of the owner rather than the necessities or convenience of the household.

The object of the statute is not to secure to the debtor the enjoyment of property of that character at the expense of his creditors, but to prevent his being stripped of those articles of utility and convenience, under the limited value prescribed, requisite for the comfort of himself and family in maintaining a household in every condition of life.

The articles specified were all liable to attachment, and consequently the plaintiff, upon the facts stated, having no cause of action, there must be

*Judgment for the defendant.*