## DANIEL WEBSTER *v.* J. C. ORNE.*

### *Exemption from Attachment.*

G., who was not living with his family, and who worked out by the day, and did some jobs, became the owner of a horse in June, 1867, and on the 29th of the next October, it was attached on his debt. On the 18th of the same October, he procured by assignment a bond for a deed of a small farm, and at the date of the assignment, went into possession thereof, and used the horse thereon in drawing off stumps and stone, and drawing up wood, but had been previous to the attachment, trying to sell the horse, because he had no use for it, and but little hay to keep it on, and at the time of the attachment, was intending to sell it, and buy again in the spring. He also drove the horse a little, and allowed others to drive it on several occasions. He had no other team at the time of the attachment, and had not had that season, and did not afterwards have that year. *Held,* that such use of the horse was evidence tending to show that it was kept and used for team work, and that the finding of that fact by the county court from the evidence, was conclusive.

The statute does not require that horses shall be kept and used exclusively for team work, in order to exempt them from attachment. Statutes exempting property from attachment, are remedial, and should be construed liberally in favor of the debtor.

TROVER for a horse of the value of $60. Plea, the general issue, and trial by jury, June term, 1868, PECK, J., presiding.

The horse in question was attached by the defendant as constable of Westmore, on the 29th day of October, 1867, on a writ in favor of one Ashley Bishop against one William Gilfillan. On the 31st day of the same month, and while the horse was in the possession of the defendant by virtue of said attachment, Gilfillan sold the same to the plaintiff, and on the same day the plaintiff demanded the horse of the defendant, who refused to deliver it. The question was whether the horse was exempt from attachment under the statute of 1866, exempting two horses, kept and used for team work, and such as the debtor may select in lieu of oxen or steers, from attachment. Gilfillan became the owner of the horse in June, 1867, and hired it pastured that summer, and until

---

* This case was decided at the August term, 1868.

he purchased a farm as hereafter stated. He had a wife, and they had formerly kept house together, but he had not lived with his family since the March previous. He had no regular business that season, but worked out as a laborer for various persons, and, among other things, did a job of clearing land, but it did not appear that he used the horse in or about any of that business. Some of the time he boarded with a Mrs. Champion, who lived on the farm which he purchased, and was boarding there when the horse was attached. He allowed Mrs. Champion and a Mrs. Leland to drive the horse on several occasions, and drove it a little himself, but how much, it did not appear. On the 18th of October, 1867, Gilfillan procured by assignment a bond for a deed of the farm whereon Mrs. Champion resided, which consisted of farm buildings and about thirty acres of land, and on the 27th day of the next November, he conveyed his interest therein to Mrs. Champion. At the time of the assignment of said bond to him, he went into possession of said farm, and carried it on, subject to the right of one Leland to harvest the crops raised thereon that year, which belonged to him, and boarded with Mrs. Champion, till he conveyed to her as aforesaid. After the assignment of the bond, he kept the horse on the farm, and used it thereon in drawing off stumps and stone, and drawing up wood, but it did not appear whether the horse was on the farm at the time of the attachment. He had tried to sell the horse at various times before the attachment, as he had but little hay to keep it on, and no use for it, and was intending to sell it, and buy again in the spring. He had no other horse, and no oxen or steers, or other team, when this attachment was made, and had not had that season, and did not afterwards have that year. From the foregoing facts, the court found that after the assignment of said bond to Gilfillan, he kept and used said horse for team work in such a manner as to exempt it from attachment, and rendered judgment for the plaintiff on that ground ; to which the defendant excepted.

*L. H. Bisbee* and *Geo. N. Dale*, for the defendant.

*A. D. Bates*, for the plaintiff.

7

The opinion of the court was delivered by

WILSON, J. This is an action of trover for a horse which was, on the 29th of October, 1867, attached by the defendant as the property of William Gilfillan, and the only question in the case is, whether the horse was, at that time, exempt from attachment under the provisions of the statute of 1866. The statute exemption of two horses, in lieu of oxen or steers, applies to the two horses kept and used for team work. The evidence detailed in the bill of exceptions and therein referred to, tends to show that the horse in question was kept and used for the purpose named in the statute. The case states that the court found and decided from the evidence, that after the assignment of the bond to Gilfillan, he kept and used the horse for team work so as to render the horse exempt from attachment at the time he was attached. Where evidence has been given on trial by the court, in the county court, which has a legal tendency to prove a fact in controversy before that court, their decision upon the weight and sufficiency of the evidence is conclusive.

It is said by the defendant's counsel that Gilfillan had but little, if any, team work, and did not need a team; that the horse was seldom used for team work, but was more frequently used for other purposes. In order to exempt such team from attachment, the two horses must be kept and used for team work; but the statute says nothing about the amount of team work the horses shall perform in order to be exempt from attachment, nor does the statute require that the horses kept and used for team work shall be used exclusively for that purpose. It has been repeatedly decided in this state, that the statutes exempting certain property from attachment, are remedial in their character, and ought to receive a liberal construction in favor of the debtor. *Dow* v. *Smith*, 7 Vt. 465; *Freeman* v. *Carpenter*, 10 Vt. 433; *Mundell* v. *Hammond*, 40 Vt. 641. We find no error in the findings of the county court, and the judgment of that court is affirmed.