### PARSHLEY *v.* GREEN.

A sled used by the debtor in drawing wood and timber, cut from his land, to market for sale, is exempt from attachment as a tool of his occupation, under Gen. St., *c.* 205, *s.* 2 : a wagon, used only for convenience or pleasure, is not exempt.

TROVER, for a sled and a wagon.   Facts found by the court.   The sled and wagon were attached as the property of the plaintiff, Dec. 4, 1876, by the defendant, as a deputy sheriff, on a writ against the plaintiff.   The plaintiff claimed that the sled and wagon were exempt from attachment, as tools of his occupation.   The plaintiff was a shoemaker by trade, and owned ten dollars' worth of shoemakers' tools, and also worked at farming.   About two years previous he exchanged some tillage-land for a fifteen-acre lot of wood and timber, with a view of cutting and taking the wood and timber to market and for his own use, when not employed at his trade ; and for this purpose he obtained the sled and used it in that business a good part of the winter of 1874–5, and some of 1875–6, and owned the land at the date of the attachment.   The wagon was his only one-horse buggy, and he used it with his horse, riding, and for the purposes for which such wagons are ordinarily used.   The plaintiff had not, at the date of the attachment, tools of the value of one hundred dollars, calling the sled and wagon tools.

*A. F. L. Norris,* for the plaintiff.

*A. W. Bartlett,* for the defendant.

CLARK, J. The sled was exempt from attachment, but the wagon was not. *Wilkinson* v. *Alley,* 45 N. H. 551 ; *Pierce* v. *Gray,* 7 Gray 67 ; *Webster* v. *Orne,* 45 Vt. 40.

The sled was obtained and used by the plaintiff for the purpose of drawing wood and timber, cut from his wood-lot, to the market for sale, and for his own use, and the case finds that he was engaged in this business when not employed at his trade as a shoemaker ; and we think the sled may be regarded as a tool of the plaintiff's occupation, within the meaning of the statute.

The wagon was a one-horse buggy, and the plaintiff used it for the purposes for which such wagons are ordinarily used. It cannot be regarded as a tool of the plaintiff's trade as a shoemaker ; neither was it used for drawing wood and lumber from his land. Its use may have been a convenience, but it was not a necessity, either in the plaintiff's employment at his trade or in the use of his land ; and we do not think it comes within the class of articles exempted from attachment.

*Case discharged.*

BINGHAM, J., did not sit.