## Jane Licursi v. David J. Sweeney, William A. Kelk, Esq., and Home Insurance Co., Trustee

## Jane Licursi v. David J. Sweeney, R. Bruce Nourjian, William Kelk, Libas Corp. and Home Insurance Co., Trustee

[603 A.2d 342]

Nos. 90-546 and 90-547

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed November 1, 1991

Motion for Reargument Denied December 17, 1991

*Harold B. Stevens* of *Stevens Law Office*, Stowe, for Plaintiff-Appellee.

*Todd C. Hartsuff* of *Robert P. Davison, Jr., P.C.*, Stowe, for Defendants-Appellants.

**Gibson, J.** Defendant David J. Sweeney appeals from the denial by Lamoille Superior Court of his motion to dissolve an attachment obtained by plaintiff in post-judgment trustee process against assets of defendant held by Home Insurance Company. We affirm in part, reverse in part, and remand for further proceedings.

In 1985, plaintiff obtained a foreclosure decree, granting her title to property that had been mortgaged to defendant and awarding judgment for attorney's fees and court costs in the amount of $3,502.59. In 1990, plaintiff served a motion for post-

judgment trustee process on the Home Insurance Company (Home), which disclosed that it was in possession of $3,500 belonging to defendant. On June 8, 1990, defendant moved to limit the summons to trustee, arguing that a portion of the amount held by Home in an escrow account on defendant's behalf was exempt from trustee process under the provisions of 12 V.S.A. § 2740.[1] On August 3, 1990, the Lamoille Superior Court concluded that the $3,500 held by Home was not exempt from trustee process.

In his motion to reconsider and a subsequent motion to dissolve, modify, or discharge trustee process, defendant again argued his case on the basis of asserted statutory exemptions to trustee process. Both motions were denied. The court concluded that 12 V.S.A. § 2740(7), relating to the availability of "unused" exemptions under § 2740(1), (2), (4), (5), and (6), did not apply to defendant, first, because the $400 exemption set forth in that provision had been previously claimed in an unrelated litigation in the Washington Superior Court, and second, because plaintiff had not attached any of the items specified in the subdivisions listed in subdivision (7). The court also ruled that the "bank deposits or deposit accounts" exemption of 12 V.S.A. § 2740(15) did not apply to the $3,500 held by Home. The present appeal followed.

■ Defendant contends first that the notice of hearing, summons to trustee and list of exemptions were invalidly served for a number of technical reasons, including failure to serve de-

---

[1] 12 V.S.A. § 2740 provides, in pertinent part, as follows:

§ 2740. **Goods and chattels; exemptions from attachment and execution**

The goods or chattels of a debtor may be taken and sold on execution, except the following articles, which shall be exempt from attachment and execution, unless turned out to the officer to be taken on the attachment or execution, by the debtor:

. . . .

(7) the debtor's aggregate interest in any property, not to exceed $400.00 in value, plus up to $7,000.00 of any unused amount of the exemptions provided under subdivisions (1), (2), (4), (5) and (6) of this section;

. . . .

(15) the debtor's interest, not to exceed $700.00 in value, in bank deposits or deposit accounts of the debtor;

fendant's new attorney and failure to comply with the service requirements of V.R.C.P. 4.2 and 12 V.S.A. § 2732. These arguments were not raised below, however, and cannot be asserted here for the first time. *In re Robinson/Keir Partnership*, 154 Vt. 50, 57, 573 A.2d 1188, 1192 (1990).

■ Defendant next argues that the trial court erred in concluding that the $400 exemption under § 2740(7), allowable without reference to other subdivisions, should be denied because it had been claimed in an unrelated litigation. We agree with defendant. First, the court's statement that "[d]efendant is not permitted to assert the same exemption from the same proceeds a second time" is clearly limited to the rule that applies within a single litigation, where a judgment debtor is limited as to the amount of any applicable exemption that may be claimed for funds in his or her possession at any one time. As the court stated in *New Amsterdam Casualty Co. v. Waller*, 196 F. Supp. 780, 785 (M.D.N.C. 1961), *rev'd on other grounds*, 301 F.2d 839 (4th Cir. 1962):

> The correct rule is that a judgment debtor may claim his exemption as against successive executions but may not have exempt funds in his possession at any one time in excess of his exemption. Stated another way, a judgment debtor is privileged to make successive claims for his exemption, but may not hold free from execution at any one time an amount in excess of his exemption.

Thus, a judgment debtor, under this analysis, may claim an exemption more than once, even against the same creditor, if the debtor does not have funds in his possession at any one time in excess of the amount of his exemption.

■■ The trial court's conclusion is also at odds with the plain language and purpose of § 2740. Most of the subdivisions of the statute are based on the Legislature's views of the debtor's minimal needs—needs that would not tend to decline as the number of creditors increased. It would, for example, be irrational to protect a debtor's wedding ring (§ 2740(3)) against the first creditor, but make it available to the second. The purpose of the statute is to afford debtors protection from the loss of property specified by the Legislature as essential to living and working. *Hooper v. Kennedy*, 100 Vt. 314, 316, 137 A. 194,

195 (1927); *Webster v. Orne*, 45 Vt. 40, 42 (1872). It would make little sense to allow specific exemptions against only the first attaching creditor. Under such construction, debtors with more than one creditor would be at risk of losing an exemption, even though such debtors might be the ones most in need of protection. The trial court should have allowed the $400 exemption.

■ The court also erred in denying defendant the benefit of the additional exemption in § 2740(7), for "up to $7,000.00 of any unused amount of the exemptions provided under subdivisions (1), (2), (4), (5) and (6) of this section." The court reasoned that since the attachment did not cover any of the items enumerated, the exemption was unavailable. But whether the attachment covers these items is not the question under subdivision (7). Rather, the issue is whether the several exemptions are "unused." They can be "unused" either because the value of the judgment debtor's property within these five subdivisions is lower than the total amount of the attachment, leaving an "unused" excess, or because he owns no property within the coverage of one or more of these subdivisions, leaving all of such exemptions "unused." While it is true that the exemptions in other subdivisions logically require ownership of the property or interest for which an exemption is claimed, no such requirement applies on its face to subdivision (7).

Nor is the exemption conditioned upon defendant's supplying an inventory of his property in Florida, where defendant now resides.[2] Should plaintiff seek to execute on defendant's property in Florida and if it appears that defendant has been "double counting" exemptions, to use plaintiff's phrase—i.e., claiming the same exemptions in Vermont and Florida in a manner inconsistent with Florida law—that assertion may be made in the appropriate Florida proceeding. The important point here is that the enumerated subdivision exemptions of record in this proceeding are "unused" and allow defendant's claim for exemption under § 2740(7).

---

[2] At the conclusion of her brief, plaintiff refers to defendant's failure to "schedule his assets" again, in arguing that collateral estoppel bars the present appeal. This argument was not raised below and will not be considered here for the first time.

■ Finally, the trial court correctly concluded that the $3,500 in the hands of Home did not constitute "bank deposits" or "deposit accounts" within the meaning of § 2740(15). Defendant never deposited any sums with Home, and Home never undertook any depositary relationship with defendant. Its obligation arose from an insurance contract with a third party whom defendant had successfully sued. Cf. *Texas Consumer Finance Corp. v. First National City Bank*, 365 F. Supp. 427, 430 (S.D.N.Y. 1973) (intangible claims for relief against third parties are not "deposits" within section of Bankruptcy Act authorizing distribution of "deposit by the debtor").

*The judgment of the trial court is affirmed in part and reversed in part, and the cause is remanded for further proceedings consistent with this opinion.*