**In re James J. GABELHART and Ruth S. Gabelhart, Debtors.**

**Bankruptcy No. 88–00175.**

United States Bankruptcy Court,
D. Vermont.

March 25, 1992.

P.R. McCoy, Hull, Webber, Reis & Canney, Rutland, Vt., for John R. Canney, trustee.

J.I. Meyers, White River Junction, Vt., for James and Ruth Gabelhart (debtors).

## MEMORANDUM OF DECISION ON OBJECTION TO EXEMPTION

FRANCIS G. CONRAD, Bankruptcy Judge.

This contested matter is before us[1] on Trustee's objection to Debtors' attempt to exempt the cash surrender value in certain life insurance policies. Because 12 Vt.Stat. Ann. § 2740(18) exempts unmatured life insurance contracts, we deny the objection.

Debtors claim as exempt property life insurance policies from Northwestern Mutual Life Insurance Co., numbered 10421978, 10411226, and 10285469 under 12 Vt.Stat.Ann. § 2740(18), which provides that

> "[t]he goods and chattels of a debtor may be taken and sold on execution, except the following articles, which shall be exempt from attachment and execution: ... (18) any unmatured life insurance contract owned by the debtor, other than a credit life insurance contract."

Trustee argues that the fresh start of the Bankruptcy Code "is not fulfilled if the debtor may use up his other exemption and still exempt the cash surrender value of life insurance policies without regard to amount." Trustee's Memorandum at p. 3. In what we perceive to be a statutory construction argument, Trustee argues the statute cannot mean what it says. Rather, we should look to the statute's legislative history that seems to indicate, to Trustee, that life insurance policies are not so essential to the maintenance of life that they

---

1. Our subject matter jurisdiction over this controversy arises under 28 U.S.C. § 1334(b) and the General Reference to the Court under Part V of the Local District Court Rules for the District of Vermont. This is a core matter under 28 U.S.C. § 157(b)(2)(A). This Memorandum of Decision constitutes findings of fact and conclusions of law under F.R.Civ.P. 52, as made applicable by Fed.R.Bkrtcy.R. 7052.

cannot be exempt without regard to value. *Id.* In addition, Trustee argues the life insurance exemption is corralled by the Vermont "wildcard" exemption at 12 Vt. Stat.Ann. § 2740(7). Finally, Trustee argues that *In re Holt,* 84 B.R. 991 (Bkrtcy. W.D.Ark.1988), construing a similar exemption statute, held the exemption was limited by the provisions of Arkansas statute setting forth limits on personal property.

Debtor opposes.

■ As a general rule, a statute should be read according to its literal terms, *United States v. Locke,* 471 U.S. 84, 93, 105 S.Ct. 1785, 1792, 85 L.Ed.2d 64, 75 (1985), unless it is otherwise demonstratively at odds with the intentions of the statute's drafters, *Griffin v. Oceanic Contractors, Inc.,* 458 U.S. 564, 571, 102 S.Ct. 3245, 3250, 73 L.Ed.2d 973, 981 (1982).

■ The statute at hand is free of any ambiguity. It clearly exempts life insurance policies and by implication any cash surrender value attached to it. Moreover, the legislative history indicates a clear intention not to place a cap on life insurance policies. Senate Judiciary Committee, Feb. 25, 1988, Sen. Skinner ("so you can put a cap in if you want to, you don't need to"). Nor is the exemption limited by Vermont's "wildcard." Section (7) clearly caps subsections (1), (2), (4), (5) and (6), but no other subsections.

Finally, we have compared the Arkansas statute to Vermont. They are not similar. Thus, *In re Holt, supra,* provides no guidance.

We hold, therefore, that a debtor's life insurance policies together with any attendant cash surrender value are exempt without limit in this State.