**In re Charles T. CHRISTIE, Debtor.**

**Bankruptcy No. 91–10858 (FGC).**

United States Bankruptcy Court,
D. Vermont.

April 23, 1992.

R.J. Obuchowski, Bethel, Vt., for trustee.

M.E. Wiener, Wiener Olencik & Amis, Burlington, Vt., for debtor.

1. Our subject matter jurisdiction over this controversy arises under 28 U.S.C. § 1334(b) and the General Reference to the Court under Part V of the Local District Court Rules for the District of Vermont. This is a core matter under 28

## MEMORANDUM OF DECISION ON TRUSTEE'S OBJECTION TO CLAIM OF EXEMPTION

FRANCIS G. CONRAD, Bankruptcy Judge.

Trustee moves [1] this Court for an Order disallowing Debtor's claimed exemption of $7,400 under 12 Vt.Stat.Ann. § 2740(7) because Trustee asserts the exemption applies only to personal property and the property claimed exempt is real property. We hold that the term "any property" in § 2740(7) means any property that is part of the estate under 11 U.S.C. § 541. Therefore, Debtor may apply the $7,400 exemption to the real property listed on Schedule A of the bankruptcy petition.

On November 25, 1991, Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code ("Code"). Debtor listed raw land valued at $15,500, of which $7,400 is claimed exempt under 12 Vt.Stat.Ann. § 2740(7). On December 9, 1991, Trustee filed an objection to the exemption stating that § 2740(7) applies to personal property only because the exemption appears in the personal property subchapter of the statute. Therefore, asserts Trustee, Debtor's claimed exemption is inapplicable because it is real property.

### DISCUSSION

■ Title 12 of the Vermont Statutes Annotated, Chapter 111, *Levy of Exemption*, Subchapter 2, *Personal Property, Levy and Sale*, Section 2740, **Goods and chattels; exemptions from attachment and execution**, states in pertinent part:

The goods or chattels of a debtor may be taken and sold on execution, except the following articles, which shall be exempt from attachment and execution, unless turned out to the officer to be taken on the attachment or execution, by the debtors ...

(7) the debtor's aggregate interest in *any property*, not to exceed $400.00

U.S.C. § 157(b)(2)(A). This Memorandum of Decision constitutes conclusions of law under F.R.Civ.P. 52, as made applicable by Fed. R.Bkrtcy.P. 7052.

in value, plus up to $7,000.00 of any unused amount of the exemptions provided under subdivisions (1), (2), (4), (5), and (6) of this subsection; ...

12 Vt.Stat.Ann. § 2740, Amend. 1987, No. 233 (Adj.Sess.) (emphasis added).

The Vermont Supreme Court had occasion to examine § 2740(7) in its ruling several months ago in *Licursi v. Sweeney,* 603 A.2d 342 (Vt.1991). In *Licursi,* the Vermont Supreme Court held that the test for exemption under § 2470(7) is that the amount claimed as an exemption is unused. *Id.* The Court reasoned that the amounts under § 2740(1), (2), (4), (5), and (6) are "unused" either because the value of a judgment debtor's property within these five subdivisions is lower than the total amount of an attachment, leaving an "unused" excess, or because a debtor owns no property within the coverage of one or more of these subdivisions, leaving all of such exemptions "unused". *See, Licursi, supra.*

*Licursi* resolves a preliminary issue in the case at bar as to the dollar amount Debtor can claim as an exemption. Applying the *Licursi* ruling, $11,250 of the Debtor's § 2740 exemption is unused,[2] but subject to the section's cap of $7,400.

Unlike *Licursi,* however, who claimed unused exemptions against personal property, Debtor here claims the unused exemption against real property, even though the exemption is listed under the personal property subchapter of the statute. Therefore, the issue before us is whether Debtor can apply the $7,400, under § 2740(7), to real, rather than personal property. Stated another way, does the term "any property" in § 2740(7) apply to both real and personal property even though § 2740 falls under the Goods and Chattels subsection of Title 12 of the Vermont Statutes Annotated?

We would be bound by Vermont law had the Vermont Supreme Court ruled on the issue of the meaning of "any property."

Unfortunately, they have not. Even in *Licursi,* the Vermont Supreme Court stopped short of deciding what types of property could be exempted under subsection (7). *Id.* From its ruling we can only determine that money held by a third-party insurance company for the benefit of a defendant is one type of property that qualifies. The *Licursi* decision, by its placement of insurance benefits within the ambit of subsection (7), leaves us with the firm conviction that if the Vermont Supreme Court had our facts before it, it would rule similarly to our decision. But because the Vermont Supreme Court has not ruled, it is left to us to determine if the words "any property" apply to real property.

■ In *Licursi,* the Vermont Supreme Court referenced both *Hooper v. Kennedy,* 100 Vt. 314, 137 A. 194 (1927) and *Webster v. Orne,* 45 Vt. 40 (1872) when referring to the statutory construction of its exemption statutes. In *Webster,* the Vermont Supreme Court, as early as 1927, expressed its view that statutes exempting property from attachment are remedial in their character and as such ought to receive a liberal construction in favor of the debtor. *Webster,* 45 Vt. at 42. Again in *Hooper,* a bankruptcy case, the Vermont Supreme Court held that courts should "take care that the beneficial purposes of the Legislature are carried into execution, and give the statute the most liberal construction." *Hooper,* 100 Vt. at 316, 137 A. 194. Additionally, in *Licursi,* the Vermont Supreme Court emphasized a plain language interpretation of § 2740 when it said that the trial court's conclusion "was at odds with the plain language and purpose of § 2740." *Licursi,* 603 A.2d 342. It is clear to us from the Vermont Supreme Court's recent ruling in *Licursi* and its reference to cases that stand for liberal construction, that Vermont broadly construes its exemption statutes within the parameters of a plain meaning interpretation.

**2.** The Debtor has claimed $2,500 of his $2,500 exemption under subsection (1), none of his $5,000 exemption under subsection (2), none of his $500 exemption under subsection (4), $1,750 of his $2,500 exemption under subsection (5),

and none of his $5,000 exemption under subsection (6). This leaves the Debtor with unused excess and/or no property in the category exemptions of $11,250.

With this in mind we take additional guidance from the United States Supreme Court. The Supreme Court has held in favor of a plain language interpretation of the words "any property." In *Monsanto,* the Supreme Court held that the words "any property" were plain and unambiguous requiring that "all assets falling within its scope are to be forfeited upon conviction, with no exception...." *U.S. v. Monsanto,* 491 U.S. 600, 606, 109 S.Ct. 2657, 2662, 105 L.Ed.2d 512 (1989). Further, the Court said, failure to supplement the phrase "any property" with "an exclamatory 'and we even mean ...' does not lessen the force of the statute's plain language." *Id.* at 609, 109 S.Ct. at 2663. The following year, in its ruling in *Stroop,* the Court's dissent noted that the word "any" generally means "all forms or types of the thing mentioned." *Sullivan v. Stroop,* 496 U.S. 478, 110 S.Ct. 2499, 2505, 110 L.Ed.2d 438 (1990). Applying the Supreme Court's rulings, a plain language interpretation of § 2740(7) would demand that "any property" refer to all types of property, including real property.

A look at rulings involving a choice of Federal, rather than State, exemptions brings a similar result. Several Circuits and a Bankruptcy Court have addressed the comparable Code exemption, § 522(d)(5)[3], and have held that "any property" means just that, any property. In the *Matter of Smith,* the Seventh Circuit held that it "makes no sense to limit the type of property that may be applied to the general exemption without a clear statement of Congressional intent to do so." 640 F.2d 888, 891 (7th Cir.1981). In *Augustine,* the Third Circuit noted that "courts have construed the words 'any property' liberally to permit the total $7,900 possible exemption under [§ 522](d)(5) to be applied against any property that can be considered a part of the estate under 11 USC § 541." *Augustine v. U.S.,* 675 F.2d 582, 586, fn. 8 (3rd Cir.1982). In the *Matter of Upright,* the District Court for the Northern District of New York held that "no limitation was expressed with respect to the character of the property eligible for [§ 522](d)(5)." 1 B.R. 694, 701 (Bankr. N.D.N.Y.1979). "On the contrary," said the Court, "the phrase 'any property' means just that; the property need not be of a kind otherwise exempt under the various provisions in subsection (d)." *Id.* Thus, the lower Courts also apply a strict plain language interpretation to the words "any property."

Additionally, in two recent opinions by us concerning Vermont's exemptions, we also applied a plain language interpretation in our rulings. In *In re Gabelhart,* we cited the U.S. Supreme Court's general rule that a statute should be read according to its literal terms, *U.S. v. Locke,* 471 U.S. 84, 105 S.Ct. 1785, 85 L.Ed.2d 64 (1985), unless it is otherwise demonstratively at odds with the intentions of the statute's drafters, *Griffin v. Oceanic Contractors, Inc.,* 458 U.S. 564, 102 S.Ct. 3245, 73 L.Ed.2d 973 (1982). *In re Gabelhart,* 138 B.R. 425 (Bkrtcy.D.Vt.1992) (Westlaw). And, in *In re Thibault,* we quoted the Supreme Court's holding that when a statute's language is plain, "the sole function of the court[ ] is to enforce it according to its terms." *In re Thibault,* No. 90–00100, slip op., 1992 WL 77619 (Bkrtcy.D.Vt. April 8, 1992) (quoting *Caminetti v. U.S.,* 242 U.S. 470, 37 S.Ct. 192, 61 L.Ed. 442 (1917) (Westlaw).

We would be remiss if we ruled without examining holdings that reference the placement of a term within a statute's subsection. In so doing, however, we raise additional Supreme Court and Bankruptcy Court support for a broad interpretation of the term "any property." In *Atlantic Cleaners,* the Supreme Court found that it was not "unusual for the same word to be used with different meanings in the same Act, and there [was] no rule of statutory construction which preclude[d] the courts from giving to the word the meaning which the legislature intended it should have in each instance." *Atlantic Cleaners &*

---

**3.** The debtor's aggregate interest in *any property,* not to exceed in value $400 plus up to $3,750 of any unused amount of the exemption provided under paragraph (1) of this subsection. 11 U.S.C. § 522(d)(5) (emphasis added).

*Dyers, Inc. v. U.S.,* 286 U.S. 427, 433, 52 S.Ct. 607, 609, 76 L.Ed. 1204 (1932). In *Russello,* the Court held that "where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Russello v. U.S.,* 464 U.S. 16, 23, 104 S.Ct. 296, 300, 78 L.Ed.2d 17 (1983). In *Erlenbaugh,* the Court stated that when two identical words appeared in two related statutes, or in different parts of the same statute, it is unwarranted to interpret that they have the same meaning when doing so is an attempt "to introduce an exception to the coverage of the [statute] where none is now apparent." *Erlenbaugh v. U.S.,* 409 U.S. 239, 245, 93 S.Ct. 477, 481, 34 L.Ed.2d 446 (1972).

Similarly, in *In re Aiken* the District Court in Maine overturned a Bankruptcy Court ruling that had held that because most of the subchapter dealt with real property, an inclusion of personal property in the subchapter would introduce the only place in the subchapter that did so. 133 B.R. 258 (D.Me.1991). The District Court said that one should abide by the plain language of the statute. *Id.* at 259. The plain language indicated that property was used generically without modification or limitation. *Id.* Further, the Court said, "nothing in the statute indicated the legislature used the term 'property' in a restrictive manner." *Id.* These rulings allow for the possibility that the Vermont legislature purposely used the words "any property," because it could have modified the word "property" as it had in other statutes [4] to include or exclude certain classes of property. Thus, any interpretation by us to the contrary may introduce an exception to the coverage where none is now apparent.

Lastly, we address the purpose behind exemptions. The purpose of both Federal and State exemptions is to give the debtor a fresh start after economic hardship. Both the Code and the State recognize that a debtor needs property to begin that fresh start. In *Gomez,* the United States Supreme Court held that because language was being construed to deprive a defendant of a significant right or privilege, the Court could not grant the request without clear authorization in the statute. *Gomez v. U.S.,* 490 U.S. 858, 864, 109 S.Ct. 2237, 2241, 104 L.Ed.2d 923 (1989). Similarly here, a narrow construction of the words "any property", without clear authorization in the statute, would deprive a debtor of a significant right and would be at odds with the Code's and Vermont's intent to provide a debtor with a fresh start.

For all the above reasons, we hold that the words "any property" in § 2740(7) of Title 12 of the Vermont Statutes Annotated means just that, any property. In terms of the case at bar, any property would thus includes all property that is part of the estate under 11 U.S.C. § 541.

Therefore, we will deny Trustee's objection. Counsel for Debtor is to submit an order.

---

[4]. Vermont legislators have modified the word "property" when they want to refer to specific classes of property within various statutes; *i.e.,* real property, personal property, tangible property, intangible property, taxable property. 1 Vt.Stat.Ann. § 132; 32 Vt.Stat.Ann. § 3691; 32 Vt.Stat.Ann. § 9701(7), 32 Vt.Stat.Ann. § 9701(15).