In re Patricia **OLIVER**, Debtor.

**Bankruptcy No. 94–10783.**

United States Bankruptcy Court,
D. Vermont.

May 18, 1995.

J.A. Palmisano, Montpelier, VT, for Patricia Oliver (debtor).

J.R. Canney III, Rutland, VT, Chapter 7 Trustee appearing pro se (Trustee).

## MEMORANDUM OF DECISION ON TRUSTEE'S OBJECTION TO DEBTOR'S EXEMPTION

FRANCIS G. CONRAD, Bankruptcy Judge.

Trustee's objection to Debtor's claim of an exemption in homestead proceeds presents [1] an issue of first impression in this District. We must determine whether Debtor may claim as exempt a $20,000 note secured by a mortgage on Debtor's former homestead in another state. The note represents her share of the proceeds of the former homestead, awarded to her upon dissolution of her marriage. We hold that it is exempt.

Debtor and her former spouse owned a home in Newington, Connecticut. When they divorced in May of 1993, Debtor's spouse was awarded possession of the homestead, and was ordered to pay Debtor $20,-000. That obligation is evidenced by a promissory note due not later than December 4, 1999, and is secured by a mortgage on the Connecticut property now owned by her former husband. Debtor has lived in Vermont since July of 1993.

When she filed her petition for relief under Chapter 7 on December 19, 1994, Debtor elected the Vermont State exemptions in-

---

1. Our subject matter jurisdiction over this controversy arises under 28 U.S.C. § 1334(b) and the General Reference to this Court under Part V of the Local District Court Rules for the District of Vermont. This is a core matter under 28 U.S.C. §§ 157(b)(2)(A) and (B). This Memorandum of Decision constitutes findings of fact and conclusions of law under F.R.Civ.P. 52, as made applicable by F.R.Bkrtcy.P. 7052.

stead of the federal exemptions, as she is permitted to do by § 522(b).[2] She claimed the note and mortgage as exempt proceeds of her former homestead under 27 V.S.A. § 101 and 12 V.S.A. § 3023. Trustee objects to the exemption on grounds that Vermont's homestead exemption applies only to property located within the State, and that Debtor has not resided at the property since May 15, 1993.

Debtor would clearly be entitled to the exemption she claims had the entire transaction taken place in Vermont. Prior to her divorce, Debtor's interest in the homestead would have been exempt by virtue of 27 V.S.A. § 101, which provides:

> The homestead of a natural person consisting of a dwelling house, outbuildings and the land used in connection therewith, not exceeding $30,000.00 in value, and owned and used or kept by such person as a homestead together with the rents, issues, profits and products thereof, shall be exempt from attachment and execution except as hereafter provided.

Debtor would also be able to exempt the note and mortgage under 12 V.S.A. § 3023, because they represent the proceeds of a conveyance of exempt property. Section 3023 provides, in pertinent part, as follows:

> Except as herein otherwise provided, a person shall not be liable on trustee process on account of a sum due or owing to the principal debtor for property sold or conveyed or delivered by him, which was exempt from attachment and execution at the time of the sale.

If, Debtor had remained in Connecticut after her divorce, however, she would not be entitled to claim the note and mortgage from her ex-husband as exempt. As Chief Judge Robert L. Krechevsky of the Connecticut Bankruptcy Court has observed,

> Because a debtor's "right to an exemption is governed by statute," . . . the extent to which an exemption applies to property received in exchange for exempt property depends on the particular exemption statute and the legislative intent demonstrated

by the statute. The general rule is that if property exempted by statute is exchanged for property not covered by any applicable exemption statute, the exemption is lost.

*In re Cesare,* 170 B.R. 37, 39 (Bkrtcy. D.Conn.1994).

■ While Connecticut does recognize a $75,000 homestead exemption, Conn.Gen. Stat.Ann. § 52–352b(t) (West 1995), it does not exempt the sale proceeds from exempt property. *Connecticut National Bank v. Harding,* 1994 WL 174676, 1 (Conn.Super.Ct.1994) ("Taking as a given that the escrowed proceeds were derived from the sale of the defendant's 'homestead', the problem is that the money is just that—money—and not a homestead as defined by the statute. . . ."). Thus, Debtor seeks to apply Vermont's statutory exemption law to a transaction that took place in another state to exempt funds that would not be exempt in that state. We hold, with one caveat, that she can do just that.

The language of 12 V.S.A. § 3023 is plain and unambiguous. It exempts proceeds owed to the Debtor for conveyance of property "which was exempt from attachment and execution at the time of the sale." After a review of the teachings of the Vermont Supreme Court on construction of the State's exemption statutes in *In re Christie,* 139 B.R. 612, 613 (Bkrtcy.D.Vt.1992), we concluded that "Vermont broadly construes its exemption statutes" in favor of debtors, "within the parameters of a plain meaning interpretation."

Vermont's legislature intended that its citizens should be able to exempt up to $30,000 in value of their homesteads, 27 V.S.A. § 101, as well as their right to receive the proceeds from the sale of that homestead. 12 V.S.A. § 3023. Debtor is now a Vermont citizen. The $20,000 she claims as exempt represents the amount owed to her by her former husband in consideration for her conveyance to him of her homestead interest. Debtor's homestead interest "was exempt from attach-

**2.** All statutory references are to Title 11 of the United States Bankruptcy Code unless otherwise

specifically noted.

ment and execution at the time of the sale," under Connecticut law.

We hesitate, however, to rule broadly that 12 V.S.A. § 3023 applies to the proceeds of the sale of any property that is exempt in any other state, because to do so might in some cases contravene the policies and purposes intended by 12 V.S.A. § 3023. For example, debtors who sold their homestead for $50 million in Florida, which has an unlimited homestead exemption, might then move to Vermont and claim the entire amount as exempt, a result clearly at odds with Vermont's limited $30,000 homestead exemption. Accordingly, our holding is that Vermont law defines the parameters; a Debtor in Vermont may use 12 V.S.A. § 3023 to exempt the proceeds of the sale of property in another state which was exempt under the laws of that state at the time of sale, if that property would also have been exempt in Vermont. Moreover, the amount of the exemption is limited by the amount of the exemption available in Vermont. In this case, Vermont also has a homestead exemption, and the amount claimed is within the $30,000 homestead exemption it is the policy of this State to afford its citizens.

Although it is highly unlikely that the State's legislature or its courts ever envisioned the scenario presented here, we believe that denial of the exemption would be contrary to the plain language and underlying purposes of 12 V.S.A. § 3023, and to the rules of construction articulated by the Vermont Supreme Court. Accordingly, Debtor's exemption is allowed and Trustee's objection is overruled.

Debtor is to submit an order consistent with the views expressed in this Memorandum of Decision upon five days' notice to Trustee.