**In re Michael Ray RENFROW and Heather M. Renfrow.**

Bankruptcy No. 96–16527.

United States Bankruptcy Court,
W.D. Arkansas,
Hot Springs Division.

Jan. 17, 1997.

Grisham Phillips, Benton, AR, for Debtors.

Frederick S. Wetzel, III, Trustee, Little Rock, AR.

### ORDER OVERRULING OBJECTION TO EXEMPTION

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the Trustee's Objection to Exemptions, filed on October 28, 1996. The parties have stipulated to the facts, submitted briefs, and request that the Court make a ruling based upon these submissions.

The debtors filed a Chapter 7 bankruptcy case on August 14, 1996. Simultaneously, they filed their Statement of Affairs and Schedules, choosing the federal exemptions allowed by section 522(b)(1) of the Bankruptcy Code. The debtors claimed as exempt the following property:

1. Their principal residence, which has a market value of $59,000, but in which they hold equity of $14,468.20.

2. Other real property which has a market value of 70,000, and in which they hold $19,762.26 of equity.

3. A checking account which contains $600.

Section 522 of the Bankruptcy Code provides in pertinent part:

(d) The following property may be exempted under subsection (b)(1) of this section:

(1) the debtor's aggregate interest, not to exceed $15,000 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence.

\*    \*    \*    \*    \*    \*

(5) the debtor's aggregate interest in any property, not to exceed in value $800 plus up to $7,500 of any unused amount of the exemption provided under paragraph (1) of this subsection.

11 U.S.C. § 522(d)(1), (5). Each debtor in a joint case is entitled to the exemption, 11 U.S.C. § 522(m), but is analyzed separately.

▉ In this case, the debtors are entitled to the exemptions as scheduled and claimed. Under section 522(d)(1) each debt-

or is entitled to a $15,000 exemption in the homestead. The equity apportionable to each debtor in the homestead is $7,234.10 (each entitled to one-half of the total equity, $14,468.20). Since the statute provides that each debtor may claim a $15,000 exemption, and only $7,234 of it is used, there remains $7,765.90 unused of the exemption under paragraph (1).

Under section 522(d)(5), the so-called wild card exemption, each debtor is also entitled to exempt an interest in property up to $800 in value *plus* up to $7,500 of any unused amount of the exemption under paragraph (1). Each debtor has elected to exempt his or her shares in a bank account, *i.e.,* $300, leaving $500 plus $7,500 still available to be claimed if exemptible property exists. Each debtor elected to exempt $8,000 of the equity in a second parcel of real property in which they each hold an equity interest of $9,881.13.

Although the debtors analysis tracks the language of the statute, the trustee asserts that the debtors may not exempt more than their existing equity in real property, *i.e.,* $7,234 each, or a total of $14,468.20. He concedes they may each claim $800 under paragraph (5). The error in the trustee's analysis is that he is substituting the term "equity" in paragraph (5) for the term that actually appears, "exemption." Section 522(d)(5) permits the debtors to also claim any unused *exemption* under paragraph (1), not merely the unused *equity* in property. Under the trustee's analysis, because the debtors have only $265.90 unused *equity* available, only that amount can be utilized under section 522(d)(5). However, the statute provides that each debtor is entitled to apply the unused *exemption,* which is $7,765.90 each, not merely the unused equity. The plain language of the statute permits the debtors to exemptions claimed. Accordingly, it is

**ORDERED** that the Trustee's Objection to Exemptions, filed on October 28, 1996, is OVERRULED.

**IT IS SO ORDERED.**