Hillsborough-southern judicial district
No. 2005-815

ROBYN LANDRY

v.

DANIEL D. LANDRY

Submitted: January 11, 2007
Opinion Issued: February 16, 2007

*Law Office of Paul S. Moore, P.L.L.C.,* of Nashua (*Sharon M. Ryan* on the brief), for the plaintiff.

Daniel D. Landry, by brief, *pro se.*

GALWAY, J. The defendant, Daniel D. Landry, appeals an order of the Trial Court (*Hicks,* J.) ruling, in part, that the plaintiff, Robyn Landry, was entitled to an order of attachment and execution against personal property of the defendant in the possession of his sister and brother-in-law, Linda and Raymond Beauregard. We vacate and remand.

The following facts were either found by the trial court or are not disputed on appeal. In July 2003, the parties were divorced and a permanent stipulation drafted by them was incorporated into their divorce decree. Paragraph 24(d) of the stipulation requires the defendant to provide the majority of an inheritance from his late father to the plaintiff. The defendant, however, did not turn over the funds. In October 2004, the plaintiff moved for contempt based upon the defendant's failure to pay $9,159 from the inheritance. On November 17, 2004, the Trial Court (*Hampsey,* J.) found the defendant in contempt and ordered him to pay $5,000 within thirty days, and the remaining $4,159, along with $500 of the plaintiff's attorney's fees, by March 1, 2005. At some point the defendant paid the $5,000, but he did not pay the remainder.

The defendant is currently serving an eight- to sixteen-year sentence at the New Hampshire State Prison, and will complete his minimum term in 2012. Prior to his incarceration, he transferred his 1996 Honda Civic, a utility trailer and his collection of automotive mechanic's tools to the Beauregards. In February 2005, the plaintiff filed a new action to collect the remaining money due her. She requested, and the trial court granted, an attachment on the items the defendant transferred to the Beauregards. In September 2005, a default judgment was entered against the defendant and the plaintiff sought a writ of execution. Relying upon RSA 511:2 (1997 & Supp. 2006), the defendant moved to exempt his mechanic's tools from attachment and execution up to a value of $13,000.

In October 2005, the trial court ordered that the defendant's vehicle and trailer be appraised and sold. As for the tools, the trial court found that the defendant was entitled to exempt them from attachment and execution, up to $5,000 in value, pursuant to RSA 511:2, IX. The trial court did not address the availability of any other exemptions under RSA 511:2. The defendant sought reconsideration, arguing that the trial court overlooked

the "catch-all" or "wild card" exemption in RSA 511:2, XVIII, and that under this provision he was entitled to claim an additional $8,000 exemption for his tools. The trial court denied reconsideration and this appeal followed.

On appeal, the defendant contends that even though the trial court granted a $5,000 exemption for his tools under RSA 511:2, IX, he was entitled to an additional exemption of up to $8,000 under RSA 511:2, XVIII. Resolution of this issue involves the interpretation of a statute, an issue of law which we review *de novo*. *State v. Kelley*, 153 N.H. 481, 482 (2006). When construing a statute, we first examine its language, ascribing the plain and ordinary meaning to the words used by the legislature. *Id.* When a statute's language is plain and unambiguous, we need not look beyond it for further indication of legislative intent, and we will not consider what the legislature might have said or add language that the legislature did not see fit to include. *Ryan James Realty v. Villages at Chester Condo. Assoc.*, 153 N.H. 194, 199 (2006).

RSA 511:2 states, in relevant part:

> The following goods and property are exempted from attachment and execution:
>
> IX. Tools of the debtor's occupation to the value of $5,000.
>
> . . . .
>
> XVIII. The debtor's interest in any property, not to exceed $1,000, plus up to $7,000 of any unused amount of the exemptions provided under paragraphs III, VI, VIII, IX, XVI, and XVII of this section.

We must first determine whether the defendant is entitled to apply the exemption in RSA 511:2, XVIII to his automotive tools. In so doing, we are mindful that as a remedial statute, RSA 511:2 is to be liberally construed in favor of the debtor. *See Barney v. Leeds*, 51 N.H. 253, 267, 276 (1871); 31 AM. JUR. 2D *Exemptions* §§ 3, 17 (2002).

RSA 511:2 states that it exempts certain goods and property from attachment and execution. The property identified in RSA 511:2, XVIII is "any property." The term "any property" is not limited or constricted in any way. Thus, the plain language of the statute provides that the exemption in RSA 511:2, XVIII may be applied to all types of property, without limitation. *See In re Vaillancourt*, 260 B.R. 66, 69 (Bankr. D. N.H. 2001) (finding that the term "any property" in RSA 511:2, XVIII refers to all types of property, including real property); *In re Schalebaum*, 273 B.R. 1, 3 (Bankr. D. N.H. 2001) (finding that the term "any property" includes

cash). Accordingly, because the statute provides that the exemption in RSA 511:2, XVIII may be applied to any property, the defendant may apply it to his automotive tools.

The plaintiff argues that the defendant should not be able to apply the exemption in RSA 511:2, XVIII to his tools as they are the subject of the exemption provided in RSA 511:2, IX. As noted, however, the plain language of the statute does not limit the application of RSA 511:2, XVIII—it is broadly phrased to apply to any property. To construe the statute as excluding items identified elsewhere in RSA 511:2, despite use of the broad term "any property," would add limiting language the legislature did not include. Such a change to the statute's language is not for this court to make. *Villages at Chester*, 153 N.H. at 199.

■ Furthermore, to the extent the plaintiff may be arguing that application of the exemption in RSA 511:2, XVIII to the defendant's tools augments the exemption in RSA 511:2, IX, we do not agree. By applying the exemption in RSA 511:2, XVIII to his tools, the defendant does not alter the exemption in RSA 511:2, IX. He is instead applying two exemptions to the same asset. Nothing in the statute's language prevents the "stacking" of exemptions, *see Vaillancourt*, 260 B.R. at 70, and we will not read such a restriction into the statute where it has not been included by the legislature. *Villages at Chester*, 153 N.H. at 199. Accordingly, we conclude that the defendant may apply the exemption in RSA 511:2, XVIII to his automotive tools in addition to the exemption provided in RSA 511:2, IX.

The plaintiff next argues that if the exemption in RSA 511:2, XVIII applies to the defendant's tools, the total exemption should be less than the $13,000 claimed by the defendant. According to the plaintiff, the defendant has other assets that may be covered by other exemptions referenced in RSA 511:2, XVIII and the value of those assets, whether or not the defendant seeks to exempt them, should be subtracted from the "unused" amount the defendant may exempt under RSA 511:2, XVIII.

■ RSA 511:2 provides that all of the items listed within it *are* exempt from attachment and execution. The use of such language indicates that the exemptions are mandatory, that is, the listed items are exempt even if a debtor takes no affirmative act to exempt them. *Compare* 11 U.S.C. § 522 ("debtor *may* exempt . . ."; "following property *may* be exempted . . ." (emphasis added)). Thus, for example, if a debtor owns an automobile, that automobile is exempt under RSA 511:2, XVI up to $4,000. To the extent that the value of the debtor's property within a particular exemption identified in RSA 511:2, XVIII is less than the total exemption amount, any excess is "unused." Additionally, if a debtor owns no property within

an exemption identified in RSA 511:2, XVIII, that exemption would also be "unused."

The Vermont Supreme Court reached a similar conclusion when evaluating a statute substantially similar to RSA 511:2, XVIII. *See Licursi v. Sweeney*, 603 A.2d 342, 344 (Vt. 1991). There, the court found that the exemptions provided in its statute may be unused "either because the value of the judgment debtor's property within these ... subdivisions is lower than the total amount of the attachment, leaving an 'unused' excess, or because he owns no property within the coverage of one or more of these subdivisions, leaving all of such exemptions 'unused.'" *Id.*; *see also In re Christie*, 139 B.R. 612, 613 (Bankr. D. Vt. 1992) (adopting definition of "unused" from *Licursi*). This interpretation is also accepted by the federal courts that have construed 11 U.S.C. § 522(d), the federal bankruptcy "wild card" exemption. *See In re Martin*, 140 F.3d 806, 808 (8th Cir. 1998); *In re Renfrow*, 205 B.R. 582, 583 (Bankr. W.D. Ark. 1997); *In re Reaves*, 256 B.R. 306, 313 (B.A.P. 9th Cir. 2000). Thus, we hold that the exemptions provided in the paragraphs identified in RSA 511:2, XVIII are unused either because there is an unused excess or because the debtor owns no property within a given paragraph and cannot use an exemption.

Applying the above conclusions, we note that RSA 511:2, XVIII first provides that up to $1,000 of value in any property may be exempted without regard to any other provision or circumstance. We agree with the defendant that because there is no limitation on this portion of the exemption, he is entitled to exempt $1,000 of his tools by virtue of that provision. The statute further states that a debtor may apply to any property an additional amount, up to $7,000 in value, of any unused amounts of the exemptions under paragraphs III, VI, VIII, IX, XVI, and XVII. The total value of the exemptions in those paragraphs, is $14,200. Here, the defendant has claimed the entire $5,000 exemption provided in paragraph IX, leaving $9,200 in unused exemptions. Additionally, the defendant owns an automobile, which is exempt up to $4,000 under RSA 511:2, XVI. Because these exemptions are mandatory, the value of the defendant's automobile up to $4,000 must also be exempted, so that the value available under that paragraph would no longer be "unused." We have not, however, been presented with an inventory or appraisal showing the value of the defendant's vehicle. Also, the plaintiff contends that the defendant owns other items subject to exemptions identified in RSA 511:2, XVIII and which had not been appraised. Because we have not been presented with a full appraisal of the defendant's property, we must vacate the trial court's ruling and remand the matter for a more complete appraisal of the defendant's property so that the exemption amounts may be properly determined.

Irrespective of the amount of any exemptions available to the defendant, the plaintiff argues that because the defendant is currently incarcerated he has no need of his tools. According to the plaintiff, the policy underlying RSA 511:2 is to exempt from attachment and execution those items a debtor requires to provide for the needs of his family. Because the defendant is incarcerated, the plaintiff argues, he cannot, even with his tools, provide for his family's needs, and the tools may be sold.

No language in the statute restricts the application of the exemptions in RSA 511:2 only to those items that are of immediate use to the debtor and we will not read such a limitation into the statute. *See Villages at Chester*, 153 N.H. at 199. Although the defendant cannot presently use his tools, he has indicated that prior to his incarceration he was employed as a mechanic and that upon his release, he intends to return to that employment. We agree with the trial court that, with the use of his valuable tools, the defendant would be more likely to obtain gainful employment following his release which will, potentially, provide him with a means to care for the needs of his family. *See* 31 AM. JUR. 2D *Exemptions* § 17 (2002) ("Exemption laws must be liberally construed in favor of a debtor .... Statutory language should not be restricted in its meaning and effect so as to minimize its operation on the beneficent objects of the statutes."). Permitting the defendant to exempt the tools of his trade, despite his inability to make current use of them, will advance the statutory purpose "to secure to all laboring men a limited proportion of those helps or means by which they are accustomed to obtain subsistence in their respective occupations or professions." *Wilkinson v. Alley*, 45 N.H. 551, 552 (1864); *see also Towns v. Pratt*, 33 N.H. 345, 350 (1856) ("The object of the statute is not to secure to the debtor the enjoyment of property ... at the expense of his creditors, but to prevent his being stripped of those articles of utility and convenience, under the limited value prescribed, requisite for the comfort of himself and family in maintaining a household in every condition of life.").

Finally, the plaintiff argues that the defendant should not be entitled to his claimed exemptions either because the transfer of his property to the Beauregards was an attempt to defraud her, or because his delay in requesting the exemptions constituted a waiver.

Whether there has been either fraud or waiver is a factual determination left, in the first instance, to the trial court. *See N. Country Envtl. Servs. v. Town of Bethlehem*, 146 N.H. 348, 354 (2001); *Snow v. American Morgan Horse Assoc.*, 141 N.H. 467, 468 (1996). Although the plaintiff raised her arguments regarding fraud and waiver before the trial court, the trial court's order did not address them. Because we vacate the

trial court's ruling and remand the matter to the superior court for further proceedings, we leave these issues for the trial court to address. On remand, to the extent necessary, the trial court may order the appraisal or reappraisal of the defendant's property. Finally, we note that the defendant has raised other arguments in his notice of appeal, but we conclude that these arguments were inadequately briefed, and we therefore decline to address them. *See Appeal of AlphaDirections*, 152 N.H. 477, 483-84 (2005).

*Vacated and remanded.*

BRODERICK, C.J., and DALIANIS and DUGGAN, JJ., concurred.