# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2020-0525, <u>Francis X. O'Brien & a. v. Dynacon Builders, Inc.</u>, the court on June 21, 2021, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case.  See <u>Sup. Ct. R.</u> 18(1). The defendant, Dynacon Builders, Inc., appeals a final decision of the Superior Court (<u>Delker</u>, J.) confirming an arbitration award rendered in favor of the plaintiffs, Francis X. O'Brien and Carol Ann O'Brien.  See RSA 542:8 (2007). The defendant argues that the Trial Court (<u>Abramson</u> and <u>Anderson</u>, JJ.) erred by not dissolving an <u>ex parte</u> prejudgment attachment of $35,000, <u>see</u> RSA 511-A:8 (2010), which the trial court had granted upon the defendant's general operating account held by a New Hampshire bank, on grounds that: (1) the attachment amounted to a premature attempt to execute upon a judgment while the defendant pursued litigation in Massachusetts, which it filed after the plaintiffs had filed the present matter, seeking to vacate the arbitration award; and (2) the attachment violated RSA 512:21, XI (2010), which exempts funds "deposited in any account designated as a payroll account" from trustee process.  We affirm.

In denying the defendant's requests to release the attachment, the trial court determined that a prejudgment attachment is generally available in New Hampshire to secure a judgment reasonably likely to be recovered upon confirmation of an arbitration award, and that the bank account at issue, which the defendant used for purposes other than solely meeting payroll, was not "designated as a payroll account" for purposes of RSA 512:21, XI. However, the trial court stayed the matter while the defendant litigated its request to vacate the arbitration award in Massachusetts, and confirmed the award only after the Massachusetts litigation had been finally resolved in favor of the plaintiffs.  The defendant's challenges to the attachment raise questions of law, which we review <u>de novo</u>.  See <u>Landry v. Landry</u>, 154 N.H. 785, 787 (2007) (stating that defendant's argument that he was entitled to exemption from attachment required statutory interpretation, an issue of law subject to <u>de novo</u> review); <u>LeBlanc v. Berube</u>,  141 N.H. 597, 598 (1997) (noting that argument that trial court improperly released attachment on ground that divorce had legally terminated it did not concern whether trial court properly exercised its discretion to release the attachment, but whether it erred as a matter of law in determining the legal effect of the divorce).

As the appealing party, the defendant has the burden of demonstrating reversible error.  Gallo v. Traina, 166 N.H. 737, 740 (2014).  Based upon our review of the trial court's orders, the defendant's challenges to them, the relevant law, and the record submitted on appeal, we conclude that the defendant has not demonstrated reversible error.  See id.

Affirmed.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**